**JOSEPH RADTKE, S.C.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 89–2199.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1990.

Decided Feb. 23, 1990.

---

Karen Kotecki, Kotecki & Radtke, Milwaukee, Wis., for plaintiff-appellant.

Curtis C. Pett, Gary R. Allen, Charles E. Brookhart, Mary E. Bielefeld, Dept. of Justice, Tax Div., Washington, D.C., for defendant-appellee.

Before CUMMINGS, WOOD, Jr., and FLAUM, Circuit Judges.

## PER CURIAM.

The question presented by this case is whether "dividend" payments made in 1982 by Joseph Radtke, S.C., a Subchapter S corporation, to Milwaukee, Wisconsin, lawyer Joseph Radtke, its sole shareholder-employee, were actually wages subject to Social Security and unemployment taxes under the Federal Insurance Contributions Act (FICA), I.R.C. §§ 3101–3126, and the Federal Unemployment Tax Act (FUTA), I.R.C. §§ 3301–3311. The corporation contests the assessment of these employment taxes.

Petitioner Radtke Corporation was incorporated as a small business corporation in 1979 by Joseph Radtke to provide legal services in Milwaukee. He was the firm's sole director and shareholder and its only full-time employee. His annual base salary was $0 through 1982 but he received $18,225 in dividends that year from the corporation. He paid personal income tax on the dividends, and the corporation also declared the $18,225 on its Small Business Corporation income tax return. However, the Radtke corporation did not pay FICA and FUTA taxes for any portion of the $18,225. The Internal Revenue Service deemed the "dividends" to be in the nature of wages and therefore assessed deficiencies against the corporation for failing to pay the FICA and FUTA taxes. The corporation paid $366.44, which was the full amount of the FUTA tax assessment, and also paid $593.75 toward the assessed FICA taxes. After losing its claim for refund, the corporation filed suit in the court below under 28 U.S.C. § 1346(a)(1).

In a thorough discussion of the problem presented, Judge Evans concluded in an order issued on April 11, 1989, that the government was entitled to summary judgment. The corporation was ordered to pay the remaining deficiency on its 1982 FICA taxes along with the assessed interest, penalties, and fees. The opinion is reported in 712 F.Supp. 143 (E.D.Wis.1989) and 89–2 U.S. Tax Cases (CCH) ¶ 9466.

We agree with the district court that the payments to this employee during 1982 constituted wages subject to FICA and FUTA contributions. The taxpayer complains that the government is arguing that all income is wages. That is incorrect. The question here is whether, based on the statutes and unusual facts involved, the payments at issue were made to Mr. Radtke as remuneration for services performed. See *Royster Co. v. United States*, 479 F.2d 387, 390 (4th Cir.1973). As the district judge determined, these payments were clearly remuneration for services performed by Radtke and therefore fall within the statutory and regulatory definitions of wages.

It is true that in *Central Illinois Public Service Co. v. United States*, 435 U.S. 21, 25, 98 S.Ct. 917, 919–20, 55 L.Ed.2d 82 (1978), Justice Blackmun remarked in dicta that income in such forms as interest, rent, and dividends is not wages. Yet that observation was made in the context of a determination whether lunch reimbursements given employees on company travel were "wages" subject to withholding under 26 U.S.C. § 3401(a). That case did not hold that where compensation for services is solely payable in dividends instead of any

salary, they may not be considered wages.[1] Here FICA and FUTA broadly define "wages" as "all remuneration for employment" and the Treasury regulations are similarly broad.[2]

Since we fully agree with the opinion of the district court, its judgment is affirmed.

---

**1.** *Migliore v. Commissioner,* 36 T.C.M. (CCH) 1004 (1977), also does not aid plaintiff because in that case there was no evidence before the Tax Court that the taxpayers were paid dividends in lieu of reasonable compensation.

**2.** See 26 U.S.C. §§ 3121(a) (definition of "wages" under FICA) and 3306(b) (definition of "wages" under FUTA); 26 C.F.R. §§ 31.3121(a)–1(b) and 31.3306(b)–1(b) (exceptions of Sections 3121(a) and 3306(b) exclusive) and §§ 31.-3121(a)–1(c) and 31.3306(b)–1(c) (name by which remuneration is designated immaterial).