**SPICER ACCOUNTING, INC.,**
**Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 89–35071.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1990.

Decided Nov. 1, 1990.

Robert E. Kovacevich, Spokane, Wash., for plaintiff-appellant.

Shirley D. Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before HUG, D.W. NELSON and BRUNETTI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Taxpayer accounting corporation seeks a refund for FICA and FUTA taxes paid to the IRS on behalf of Mr. Spicer. Taxpayer contends that payments paid to Mr. Spicer were dividends, since payments made to stockholders in a subchapter S corporation are not wages. We find that because payments received by Mr. Spicer were for substantial services rendered, these payments are "wages" subject to FUTA and FICA. Taxpayer asserts, in the alternative, that it was not liable for FICA and FUTA because Mr. Spicer was an independent contractor, not an employee. We deny Taxpayer's claim finding that there is no evidence that Mr. Spicer was an independent contractor. Finally, we hold that section 530 of the Revenue Act of 1978 does not relieve Taxpayer from FICA and FUTA liability for the years 1981 and 1982, because Taxpayer's treatment of Mr. Spicer as a stockholder, not as an employee, was unreasonable. We, therefore, affirm the district court's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Spicer is the president, treasurer, and director of taxpayer corporation, Spicer Accounting, Inc. (Taxpayer). In 1985, the Internal Revenue Service (IRS) made assessments against Taxpayer for Federal Insurance Contribution Tax (FICA) and Federal Unemployment Tax (FUTA). The assessments were made for the years 1981 and 1982 in light of allegations by the IRS that Mr. Spicer was an employee of Taxpayer. The assessed amounts, including interest and penalties, were paid to the IRS. Taxpayer now seeks a refund of the amounts paid.

Mr. Spicer has been a licensed public accountant since 1957 and the president of Taxpayer since 1973. He and his wife are the only stockholders in Taxpayer, each owning fifty percent of the corporation. Mr. Spicer has never entered into an employment agreement with Taxpayer. At no time during his relationship with Taxpayer has he been paid wages or salary denominated as such. The arrangement throughout the relationship has been that Mr. Spicer would donate his services to the corporation, and that as a stockholder, he would withdraw earnings in the form of dividends. Mr. Spicer has consistently reported his income as dividend income.

Mr. Spicer performs substantial services for Taxpayer. During the period in question, Mr. Spicer worked for Taxpayer approximately thirty-six hours per week. During tax season, he would typically work six-day weeks. Mr. Spicer would not, however, go into the office when demand for accounting services was lower. Also, during the period in question, Mr. Spicer owned certain rental property, and he would often perform work relating to that property during business hours. Mr. Spicer testified at trial that work on the rental property occupied approximately ten to fifteen percent of his time during the period in question.

Mr. Spicer also testified that his accounting work for Taxpayer was crucial to the corporation's business, and that Taxpayer could not function without him. He further testified that to hire a replacement for him would cost Taxpayer $16,000 to $17,000 per year.

Spicer was the only accountant working for the firm, although Spicer's wife and one other employee prepared tax returns and performed monthly bookkeeping for clients of Taxpayer. However, all tax forms prepared by the firm had to be signed by Mr. Spicer, and he was the only person during the period in question who could perform financial planning and audits, sign opinion letters, and represent clients before the IRS.

Finally, Mr. Spicer testified that he believed that Taxpayer's practice of reporting his income as dividends was proper, and that he also believed that such an arrangement would allow Taxpayer to avoid paying FICA and FUTA. He also testified that by denominating all of his income from Taxpayer as dividends, he would forego Social Security and other benefits.

The district court held that Mr. Spicer was an employee and that the payments were "wages" subject to FICA and FUTA. Taxpayer timely appealed to this court.

## STANDARD OF REVIEW

The determination of whether an employer-employee relationship exists involves a mixed question of law and fact. *Profes-* *sional & Executive Leasing, Inc. v. C.I.R.*, 862 F.2d 751, 753 (9th Cir.1988). However, since the determination is predominantly one of fact, it is subject to a clearly erroneous standard of review. *Id.; see also General Inv. Corp. v. United States*, 823 F.2d 337, 341 (9th Cir.1987). Whether section 530 of the Revenue Act relieves Taxpayer of tax liability is a question of statutory interpretation subject to *de novo* review. *Foster v. Tourtellotte*, 704 F.2d 1109, 1111 (9th Cir.1983). Finally, whether the government is precluded from challenging Mr. Spicer's status for the purposes of determining Taxpayer's tax liability is a question of law reviewed de novo. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir.1988).

## DISCUSSION

### I. EXISTENCE OF AN EMPLOYMENT RELATIONSHIP

#### A. STOCKHOLDER EXEMPTION

■ Taxpayer first contends that Mr. Spicer was not an employee because the amounts it paid to Mr. Spicer were dividends, rather than wages. Taxpayer's principal assertion is that shareholder dividends are not treated as wages in subchapter S corporations. Taxpayer's burden of proof in characterizing these payments as dividends rather than compensation is heavy, as salary arrangements between closely held corporations and its shareholders warrant close scrutiny. *Elliotts, Inc. v. C.I.R.*, 716 F.2d 1241, 1243 (9th Cir.1983). Also, courts reviewing tax questions must look at the substance of the transaction, not the form. *Frank Lyon Co. v. United States*, 435 U.S. 561, 573, 98 S.Ct. 1291, 1298, 55 L.Ed.2d 550 (1978).

Sections 3111 and 3301 of the Internal Revenue Code impose FICA (social security) and FUTA (unemployment) taxes on employers for wages paid to their employees. The Federal Insurance Contributions Act and Federal Unemployment Tax Act both define "wages" as "all remuneration

for employment."[1] 26 U.S.C. §§ 3121(a) & 3306(b) (1988). Treasury Regulations on Employment Taxes and Collection of Income at Tax Source, sections 31.3121(a)–1(b) and 31.3306(b)–1(b) provide that the form of payment is immaterial, the only relevant factor being whether the payments were actually received as compensation for employment.

For FICA and FUTA tax purposes, section 3121(d) of the Internal Revenue Code defines an employee in part as "any officer of a corporation...." There is an exception to employee status for some officials, but it only applies to an officer who *"does not perform any services or performs only minor services* and who neither receives nor is entitled to receive ... any remuneration." Treas.Reg. § 31.3121(d)–(1)(b) (emphasis added). Therefore, an officer who performs substantial services for the corporation is considered an employee, whose wages are subject to FICA and FUTA.

In the present case, Mr. Spicer clearly performed substantial services for the taxpayer corporation. He was the only accountant working for Taxpayer, an accounting concern. During the years in question, he performed accounting services for the taxpayer approximately 36 hours a week. He was the only one who signed customers' returns as the preparer, performed financial planning for Taxpayer, audited clients' books, prepared opinion letters for clients, and represented clients before the Internal Revenue Service. He also reviewed and paid Taxpayer's bills, and set Taxpayer's billing rate.

In addition, Mr. Spicer testified that his services were integral to the operation of the firm. He also stated that in his opinion, Taxpayer would have to pay a replacement for him approximately $16,000 to $17,000 a year. Accordingly, we reject

Taxpayer's contention that Mr. Spicer, who was Taxpayer accounting firm's president and only accountant, did not receive compensation for services. Mr. Spicer clearly performed substantial services for Taxpayer, and accordingly, these "dividends" were in reality remuneration for employment and therefore subject to FICA and FUTA.

Additionally, Mr. Spicer testified in the district court that he purposefully received his payments in the form of dividends, rather than as wages, to allow Taxpayer to avoid liability for FICA and FUTA. Recently, in a case nearly identical to the instant case, the Seventh Circuit held that an employer should not be permitted to evade FICA and FUTA by characterizing compensation paid to its sole director and shareholder as dividends, rather than wages. *Joseph Radtke, S.C. v. United States*, 895 F.2d 1196 (7th Cir.1990). The Seventh Circuit determined that regardless of how an employer chooses to characterize payments made to its employees, the true analysis is whether the payments are for remuneration for services rendered. *Radtke*, 895 F.2d at 1197.[2] We agree with the Seventh Circuit's holding and accordingly find that Mr. Spicer's intention of receiving the payments as dividends has no bearing on the tax treatment of these wages.

We hold that because Mr. Spicer performed substantial services that were essential to Taxpayer, Mr. Spicer should be deemed an employee, and payments to him should be deemed "wages" subject to FICA and FUTA.

## B.  INDEPENDENT CONTRACTOR

■ Taxpayer also argues that Mr. Spicer could not be an employee because he was a common law independent contractor.

---

**1.** There are some exceptions to this definition that are not relevant to this case.

**2.** *See also* Rev.Rul. 1974–44 1974–1 C.B. 287 (a shareholder of a subchapter S corporation cannot arrange to receive dividends rather than compensation so that the corporation may avoid paying employment taxes); Rev.Rul. 73–361,

1973–2 C.B. 331 ("Neither the election by the corporation as to the manner in which it will be taxed for Federal income tax purposes nor the consent thereto by the stockholder-officers has any effect in determining whether they are employees or whether payments made to them are 'wages' for Federal employment tax purposes").

In determining whether Mr. Spicer is an employee or an independent contractor, several factors we consider are whether the business furnishes the worker with tools and a place to work, and "whether the work is performed in the course of the individual's business rather than in some ancillary capacity." *General Investment Corp. v. United States*, 823 F.2d 337, 342 (9th Cir.1987). We also consider whether the services performed "constitute[ ] an integral part of taxpayer's business and [are] not incidental to the pursuit of a separately established trade or business." *Westover v. Stockholder's Publishing Co.*, 237 F.2d 948, 952 (9th Cir.1956).

We find that Mr. Spicer is not a common law independent contractor, because Taxpayer provided him with supplies and a place to work, and he performed accounting services for no other accounting firm. Moreover, Mr. Spicer's services were integral to the operation of Taxpayer, as he was the only accountant in the accounting concern, the only one who signed customers' returns as preparer, the only one who performed financial planning for the firm, and the only one who audited clients' books.

■ Taxpayer also argues that in light of the Idaho Industrial Commission's determination that Mr. Spicer was an independent contractor, rather than an employee, for state employment tax purposes, the government is precluded from again raising the issue of Taxpayer's treatment of Mr. Spicer for federal employment tax purposes. Because the government was not a party, nor in privity with the State of Idaho, in the prior state administrative action, it is not bound by the Idaho State Industrial Commission's holding, and again could challenge Mr. Spicer's status for federal income tax purposes. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir.1980) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979)). Accord-

ingly, we affirm the district court as to this issue.

## II. SECTION 530 OF THE REVENUE ACT OF 1978 [3]

■ Despite our determination that Mr. Spicer is an employee, and that payments from Taxpayer are "wages" subject to FICA and FUTA, section 530 of the Revenue Act of 1978 would nonetheless relieve Taxpayer of tax liability during the years in question if he satisfies two conditions. Section 530 provides in relevant part:

CONTROVERSIES INVOLVING WHETHER INDIVIDUALS ARE EMPLOYEES FOR PURPOSES OF EMPLOYMENT TAXES

(a) TERMINATION OF CERTAIN EMPLOYMENT TAX LIABILITY.—

(1) IN GENERAL.—If—

(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and

(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

Revenue Act of 1978, § 530(A)(1)(A, B), 26 U.S.C.A. § 3401 note (1988).

Mr. Spicer satisfies the first requirement. Undoubtedly, he was not treated as an employee during the period in question, but rather as a stockholder. Since its incorporation, Taxpayer filed all tax returns consistent with a treatment of Mr. Spicer as a stockholder. Additionally, all with-

---

**3.** Although this issue was raised below, it was not addressed by the district court.

drawals by Mr. Spicer were treated as dividends by Taxpayer.

However, we find that Mr. Spicer does not qualify for relief pursuant to this statute because the taxpayer "had no reasonable basis for not treating [him] as an employee." True, as this court has observed, "reasonable basis" is to be "construed liberally in favor of taxpayers." *General Investment Corp.*, 823 F.2d at 340 (quoting H.R.Rep. No. 1748, 95th Cong., 2d Sess. 5, 1978–3 C.B. (Vol. 1) 629, 633). Still, it is clear that Mr. Spicer failed to satisfy this standard, however liberally construed.

Mr. Spicer was, for all practical purposes, the central worker for the taxpayer. We agree with the court in *Joseph Radtke, S.C. v. United States*, that a corporation's sole full-time worker must be treated as an employee. 712 F.Supp. 143, 145 (E.D.Wis. 1989), *affirmed*, 895 F.2d 1196 (1990) (per curiam).[4] Section 530's provision for relief from tax liability is of no recourse in light of Taxpayer's unreasonable treatment of Mr. Spicer as an employee.

CONCLUSION

The district court's judgment is AFFIRMED.

---

**4.** Taxpayer relies on *Gross v. Commissioner*, 236 F.2d 612 (2d Cir.1956), which held that a corporation's distribution to stockholders did not represent salaries. But *Gross* is distinguishable because of the number of shareholders who received pro-rata cash distributions, including many who had performed no services at all. As the Second Circuit noted:

There is nothing in the stipulated facts which indicates that these distributions were any-

thing other than the corporate distributions to shareholders which they purported to be. The fact that the distributions were made pro-rata to all stockholders, even though most of them rendered no services, negates the idea that they represented compensation for services rendered. There is nothing in the record which indicates that any of these shareholders were not bona-fide shareholders. *Id.* at 618.