DUNN & CLARK, P.A., Plaintiff,

v.

COMMISSIONER OF INTERNAL REVE-
NUE SERVICE for and on Behalf of the
UNITED STATES of America, Defen-
dant.

No. CV 93–0108–E–EJL.

United States District Court,
D. Idaho.

March 25, 1994.

Robin Dunn, Dunn & Clark, pro se.

Betty H. Richardson, U.S. Atty., Boise, ID,
Keith P. Duet, Trial Atty., Tax Div., U.S.
Dept. of Justice, Washington, DC, for defen-
dant.

## MEMORANDUM DECISION
## AND ORDER

LODGE, Chief Judge.

### PROCEDURAL BACKGROUND

Pending before this court is the Internal
Revenue Service's ("IRS") Motion for Sum-
mary Judgment. Having fully reviewed the
record herein in preparation for the hearing
on this motion, the court finds that the facts
and legal arguments are adequately present-
ed in the briefs and record. Accordingly, in
the interest of avoiding further delay, and
because the court conclusively finds that the
decisional process would not be significantly
aided by oral argument, this matter shall be
decided on the record before this court with-
out oral argument. Local Rule 7.1(b).

### FACTUAL BACKGROUND

The undisputed facts of this case are as
follows. Plaintiff Dunn & Clark, P.A. ("Tax-
payer") is a Sub-chapter S corporation en-
gaged solely in practice of law. The share-
holders of the Taxpayer are Robin Dunn
("Dunn") for 50% and Stephen Clark
("Clark") for 50%. Dunn and Clark are the
directors and officers of the corporation.
Both Dunn and Clark are licensed attorneys
and are employed by Jefferson County as
county prosecutors. When Dunn and Clark
are not performing prosecutorial work, they
provide legal services to the clients of the
Taxpayer. Dunn and Clark are the only
attorneys that provide legal services to the
clients of the Taxpayer. The non-county le-
gal work is approximately 10% of Clark's
time and 50% of Dunn's time.

Dunn and Clark were never paid wages or a salary by the Taxpayer for providing the non-county legal services for the Taxpayer's clients. Dunn and Clark did not have a written employment contract with the Taxpayer to provide the non-county legal services for the clients of the Taxpayer.

In 1987, the Taxpayer reported gross income of $24,755.36 and distributed equal payments characterized as dividends to Dunn and Clark on April 3, 1987, for $6,000 each and on December 21, 1987, for $1,000 each.

In 1988, the Taxpayer reported gross income of $49,134.50 and distributed equal payments characterized as dividends to Dunn and Clark on January 13, 1988, for $2,000 each; on July 13, 1988, for $500 each; on August 4, 1988, for $500 each; on September 9, 1988, for $300; on September 27, 1988, for $375.00; on October 6, 1988, for $200; and on October 27, 1988, for $350 each.

In 1989, the Taxpayer reported gross income of $45,990.00 and distributed equal payments characterized as dividends to Dunn and Clark on December 5, 1989, for $7,500 each and on December 29, 1989, for $1,000 each.

The IRS reclassified the above-identified payments as salary instead of dividends and demanded taxes for FICA, FUTA and withholding. The taxes with penalty and interest, amounted to $621.37 for 1987; $6,400.56 for 1988; and $5,153.48 for 1989. Taxpayer paid the taxes, penalty and interest and now seeks a refund of such amount claiming that Dunn and Clark are not employees and that the payments were not wages or salaries, but dividends. The parties agree that the county salaries received by Dunn and Clark are not at issue in the present case.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in perti-

nent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S.C.S. Court Rules, Rule 56(c), Federal Rules of Civil Procedure, (Law.Co-op.1987).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. at 2552.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

**1.** *See also,* Rule 56(e) which provides, in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
U.S.C.S. Court Rules, Rules of Civil Procedure, Rule 56(e) (Law.Co-op.1987 & Supp.1991).

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992).

## ANALYSIS

The determination of whether an employer-employee relationship exists involves a mixed question of law and fact. *Professional & Executive Leasing, Inc. v. C.I.R.,* 862 F.2d 751, 753 (9th Cir.1988). The facts in the present case are not disputed by the parties other than the Taxpayer claims Dunn and Clark were not employees. In ruling on the motion for summary judgment, the court may apply the law to the undisputed facts to determine if a genuine issue of material fact exists as to the question of whether or not Dunn and Clark are employees of the Taxpayer.

The burden on taxpayers in characterizing payments as dividends instead of wages is heavy, as salary arrangements between closely held corporations and stockholders require close scrutiny. *Elliotts, Inc. v. C.I.R.,* 716 F.2d 1241 (9th Cir.1983). Under § 3121(d) of the Internal Revenue Code, an employee is defined as any officer of a corporation. There is an exception to this rule if the officer can prove he or she "does not perform any services or performs only minor services and who neither receives nor is entitled to receive ∴ any remuneration." Treas.Reg. § 31.3121(d)–(1)(b).

The Ninth Circuit ruled on a case similar to the case at bar in *Spicer Accounting, Inc. v. United States,* 918 F.2d 90 (9th Cir.1990).

In *Spicer,* a licensed accountant was the president of the taxpaying corporation which was owned by the accountant and his wife. The accountant provided accounting services for the corporation and signed all tax returns completed by the corporation. The accountant did not have an employment contract with the corporation. The accountant received dividends from the corporation, but no salary. The IRS claimed the dividends were salary. The court held that the accountant provided substantial services to the corporation and the dividends were actually wages subject to FICA and FUTA. The court also rejected the "safe haven" argument under § 530 of the Revenue Act of 1978. Although the corporation had always treated the payments as dividends, the court held that the accountant failed to satisfy the requirement that the taxpayer had a "reasonable basis for not treating such individual as an employee" under § 530 which is construed liberally in favor of taxpayers.

In the present case, the Taxpayer argues that the intent of the payments was to treat such payments as dividends and the Taxpayer was consistent in its treatment of such payments. Additionally, the fact that the payments were made irregularly and in differing amounts indicates that such payments were not wages. The Taxpayer argues that the amount of time spent on non-county work and as officers and directors of the Taxpayer is insignificant and supports the contention that the payments were dividends. Further, the Taxpayer contends that it falls under the exception of § 530 of the Revenue Act of 1978.

The IRS argues that the only persons who could provide the non-county legal services on behalf of the corporation were Dunn and Clark and regardless of the fact that no written employment agreement existed, Dunn and Clark were working for the corporation. The IRS also argues that the fact that the payments were irregular in amount and timing is indicative of any small business and is not dispositive of the character of the payments received by Dunn and Clark from the Taxpayer. Finally, the IRS argues that under *Spicer,* the Taxpayer did not have a "reasonable basis" for believing that Dunn

and Clark were anything other than employees of the Taxpayer. Therefore, the Taxpayer has not satisfied the requirements of § 530.

▌ In their depositions, Clark testified that he spent approximately 10% of his time on non-county work and Dunn testified that he spent approximately 50% of his non-county time on behalf of the corporation in administrative duties and providing legal services. Since the parties agree the county salaries are not at issue, the 10% and 50% of Clark & Dunn's work converts into 100% of their non-county time into rendering services for the corporation. Dunn also testified that as President and Treasurer of the Taxpayer he handled bookkeeping matters, managed office staff, ordered materials and supplies, managed the banking needs of the Taxpayer and reviewed the Taxpayer's compliance of applicable laws. Since Dunn and Clark were the only persons who could provide legal services on behalf of the corporation, the only conclusion that can be reached is that they were impliedly working for the corporation. Additionally, the Taxpayer provided the office space and equipment for Dunn and Clark to perform both their county and non-county legal services. Based on these facts, the court believes the amount of work performed by Dunn and Clark was more than "minor services" and that Dunn and Clark were statutory employees of the Taxpayer based on Treas.Reg. § 31.3121(d)–(1)(b).

The court questions why Dunn and Clark would receive equal payments from the corporation when their time was not equally spent working on non-county legal work if such payment is for work performed, but this is an issue for the Taxpayer and its officers and directors to evaluate and not for this court to decide. The overwhelming evidence supports the conclusion that the Taxpayer cannot satisfy its heavy burden of proving the payments were dividends instead of compensation for work performed. To reach the conclusion that the payments were dividends would require the court to accept that Dunn and Clark were providing legal services on behalf of the corporation's non-county clients out of the goodness of their hearts without regard to receiving payment for their legal services. This conclusion is not supported by the facts presented to this court. Although the corporation may have been run on a very informal basis, this does not mean that non-county legal services work performed by Dunn and Clark can be ignored. The substance and not the form of the work relationship controls an employer-employee determination for tax purposes. *Frank Lyon Co. v. United States,* 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978).

This court finds that *Spicer* is binding authority on the issue before this court. Just as in *Spicer,* Dunn and Clark were central workers for the corporation since all of the income of the corporation was generated by the legal services Dunn and Clark performed for the Taxpayer's clients. Further, the Taxpayer did not have a "reasonable basis" for treating Dunn and Clark merely as shareholders in the corporation. Therefore, no genuine issue of material fact exists as to the status of Dunn and Clark, and summary judgment should be granted in favor of the IRS.

### ORDER

Being fully advised in the premises, the court hereby orders that:

(1) The IRS's Motion for Summary Judgment (Dkt. # 19) is **GRANTED;**

(2) The hearing on pending motions set for April 4, 1994, is vacated; and

(3) The trial date set for April 19, 1994, is vacated.