57 F.3d 1076
 75 A.F.T.R.2d 95-2714, 95-2 USTC P 50,383
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DUNN & CLARK, P.A., Plaintiff-Appellant,
v.
COMMISSIONER OF IRS, for and on Behalf of the UNITED STATES
of America, Defendant-Appellee.
 No. 94-35562.
 United States Court of Appeals, Ninth Circuit.
 June 8, 1995.
 
 Before BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dunn & Clark, P.A., is a corporation engaged only in the practice of law. Robin Dunn and Stephen Clark are its only directors and officers and its only attorneys. During the years 1987 through 1989, it did not make any payments designated as wages or salary to the attorneys. Instead, it made occasional payments characterized as dividends. The IRS interpreted these as wages and assessed employment taxes against the corporation.
 
 
 3
 After paying the taxes, Dunn & Clark sued for a refund. It argued that: (1) the attorneys were not employees; (2) the payments made to them were not wages; and (3) it was not liable for employment taxes under section 530 of the Revenue Act of 1978. The court granted summary judgment for the IRS. Dunn & Clark appealed. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 4
 The attorneys were employees. "Employee" includes "any officer of a corporation" except an officer who "does not perform any services or performs only minor services." I.R.C. Sec. 3121(d); Treas.Reg. Sec. 31.3121(d)-1(b). These attorneys were the corporation's only directors and officers. As its only attorneys, they performed substantial services. See Spicer Accounting, Inc. v. United States, 918 F.2d 90, 91, 93 (9th Cir.1990) (a corporation's president and only accountant was an employee).
 
 
 5
 The payments to the two were wages. "Wages" includes "all remuneration for employment." I.R.C. Secs. 3121(a) and 3306(b). The only factor relevant to whether a payment constitutes "wages" is whether it was made in compensation for employment. Treas.Reg. Secs. 31.3121(a)-1 and 31.3306(b)-1. "[R]egardless of how an employer chooses to characterize payments made to its employees, the true analysis is whether the payments are for remuneration for services rendered." Spicer, 918 F.2d at 93 (quoting Joseph Radtke, S.C. v. United States, 895 F.2d 1196, 1197 (7th Cir.1990)). This corporation made payments characterized only as dividends to the attorneys. It clearly made those payments in compensation for services. See id. (payments to the accountant were wages).
 
 
 6
 The corporation is not entitled to relief under Sec. 530 of the Revenue Act of 1978. Section 530 provides that an employer is not liable for employment tax where: (1) the person receiving the payments was not treated as an employee; and (2) there was a reasonable basis for not treating the person as an employee. I.R.C. Sec. 3401 note. These men were the only lawyers employed by a corporation whose sole business was to provide legal services. The corporation had no reasonable basis for treating them as non-employees. See Spicer, 918 F.2d at 95 (the corporation "had no reasonable basis for not treating [the accountant] as an employee").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994)