In re Michael and Malinda
WEISS, Debtors.

Michael and Malinda WEISS, Appellants,

v.

UNITED STATES of America, Appellee.

No. 95–6237–CIV–Aronovitz.
BKC No. 94–21603–BKC–RBR.

United States District Court,
S.D. Florida.

April 12, 1996.

---

Randee J. Golder, Delray Beach, FL, for appellants.

Mark Stier, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellee.

## ORDER REVERSING BANKRUPTCY COURT ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM OF THE UNITED STATES OF AMERICA

ARONOVITZ, District Judge.

This is an appeal of the Order Overruling Debtor's Objection to Claim of the United States of America, entered by the bankruptcy court on January 20, 1995. Bankruptcy Judge Ray overruled the debtor's objection to the proof of claim of the IRS, and ruled in favor of the claimant, United States of Amer-ica, on its claim for taxes owed by the debtor, Dr. Michael Weiss.

Weiss asserts that his tax returns were prepared in error to show all of the income from the professional corporation to be dividend distributions. Weiss sought to file amended returns to show his earnings as salary from the corporation, which was his employer. The amended returns were not accepted by the IRS, for lack of supporting documents regarding the withholding of taxes from Weiss' paychecks.

The Court heard oral argument on the appeal on November 2, 1995, and has carefully considered all briefs submitted on appeal, oral argument of counsel, the entire record, and applicable law, and is otherwise fully advised in the premises in consideration of the following issues:

(1) whether the debtor is liable for the claim of the IRS for unpaid taxes for dividend income from the professional Sub-chapter S corporation for the years 1990, 1991 and 1992, based on the IRS' rejection of the debtor's amended tax returns which set forth salary, for which the corporation failed to pay FICA withholding taxes; and

(2) whether the amount of $612.00 paid by the debtor for 1993 taxes may be considered a valid claim of the IRS in Weiss' Chapter 13 case, within the definition of a claim, pursuant to 11 U.S.C. § 101(5)(A).

## FACTUAL AND PROCEDURAL BACKGROUND

Dr. Michael Weiss is a self-employed chiropractor, whose practice operated through 1993 as an Sub-chapter S corporation, Michael Weiss, DC, P.A., under the federal tax laws. Weiss was the principal of the corporation.

Prior to this dispute over Weiss' income tax liability, his accountant, Mr. Schwartz, embezzled funds which Schwartz received as corporate checks for payroll taxes on the salaries paid by the corporation. Although there was a designation for payroll taxes by notations on the checks, Schwartz cashed the checks and converted the funds. It is undisputed that the embezzled payroll taxes were

not paid to the IRS. Schwartz has been required by an order in a State criminal proceeding to pay restitution to Weiss.

Dr. Weiss and his wife filed a Chapter 13 petition to propose a plan to pay their creditors. The IRS filed a proof of claim for income taxes owed by Weiss for 1990, 1991, 1992 and 1993. The amount of $612.00 has been paid by Weiss for the 1993 tax liability. The debtor filed an Objection to the IRS claim. The bankruptcy court overruled the debtor's Objection to Claim, and allowed a secured claim in the amount of $49,869.87 for taxes for 1990, 1991 and 1992, and an unsecured claim in the amount of $612.00 for 1993.

The government's claim for 1990, 1991 and 1992 is based on tax returns filed by Weiss, showing dividend income from the corporation. Weiss had consulted with an accountant who redid the corporate tax returns to show payroll tax calculations and prepared amended personal returns based on those calculations. When Weiss filed amended tax returns to show his compensation from the corporation as salary, the IRS did not accept the amended returns. The reason given by the IRS for its rejection of the amended returns was the lack of supporting documentation to establish that taxes were withheld from Weiss' paychecks.

### DISCUSSION

*Tax Liability for 1990, 1991 and 1992*

The refusal of the IRS to accept Weiss' amended tax returns is the basis for asserting that Weiss is liable for the amounts stated in the government's proof of claim. The IRS bases its claim for individual 1040 taxes for the years 1990, 1991 and 1992 on the original tax returns filed by Weiss, which show dividend income from the corporation. The IRS relies upon its discretion of whether or not to accept a taxpayer's amended returns.

■ The question of whether Weiss' tax liability should be determined according to the amended or the original tax returns is an issue of law that is subject to *de novo* review by this Court. *See Haas v. Internal Revenue Service,* 48 F.3d 1153, 1155 (11th Cir.

1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 2578, 132 L.Ed.2d 828 (1995); *Spicer Accounting, Inc. v. United States,* 918 F.2d 90, 92 (9th Cir.1990).

■ The treatment of an amended tax return is a matter of internal agency discretion. *See Koch v. Alexander,* 561 F.2d 1115, 1117 (4th Cir.1977). Review for abuse of discretion is the standard applied. *See Miskovsky v. United States,* 414 F.2d 954, 955 (3d Cir.1969); *Morrow, Becker & Ewing, Inc. v. Commissioner,* 57 F.2d 1, 3 (5th Cir. 1932).

■ The government does not contend that Weiss' amended returns do not comply with the tax laws applicable to a principal in a professional S corporation. The characterization of the payments to Weiss in the amended returns as compensation for the services he performed for the corporation is also not challenged by the government on the issue of whether the payments were employee wages. In fact, the amended tax returns corrected the original **erroneous** returns which were based on **dividend** income.

The issue concerning the claim for taxes is whether the IRS has established the reasonableness of its rejection of Weiss' amended tax returns that comply with the law. Caselaw clearly holds that a corporation cannot choose to treat compensation paid to its employees as dividends. *See e.g., Spicer,* 918 F.2d at 93; *Joseph Radtke, S.C. v. United States,* 895 F.2d 1196 (7th Cir.1990); *Dunn & Clark, P.A. v. Commissioner,* 853 F.Supp. 365, 368 (D.Id.1994). In these cases, the IRS prevailed against Sub-chapter S corporations that did not comply with the payroll tax withholding requirements.

The government relies on the lack of evidence that the corporation withheld taxes. The lack of such documentation as pay stubs and cancelled checks has not been decisive in the cases where FICA requirements are being enforced by the government against non-complying corporations, and the lack of documentation should not control the outcome here.

Under the reverse of these circumstances, the government may enforce its interest in

574

the proper determination of taxes by deeming dividends to be in the nature of wages. *See Joseph Radtke,* 895 F.2d at 1197. The requirements enforced by the IRS against employers who attempt to evade FICA withholding are ignored by the government in its attempt to obtain payment from Weiss, an employee, based on dividend income, rather than pursuing the taxes as unpaid payroll taxes [1]. *See Spicer,* 918 F.2d at 93. Also, as opposed to situations where there are acceptable year-end adjustments, the government insists that it needs verification of the payment of salary and withholding by the employer.

With respect to the evidence, the bankruptcy court failed to consider that the corporate checks made out to the accountant for withholding taxes establish an element of intent that the corporation had deemed such funds to be used for payment of payroll taxes. It is not necessary to find that the withholding taxes were actually paid, only to determine that it was the corporation's responsibility under the law to make such payments.

The government conceded in its testimony that, in general, the corporation is responsible for withholding, accounting and actually paying over the tax to the government, and that the employee is not responsible. However, the government used Weiss' accountant's error to shift the liability to the debtor based on improper dividend income reported in the original returns.

The general administrative practice of the IRS to recognize amended returns which correct clear errors or plain mistakes in the original returns is noted in *Klinghamer v. Brodrick,* 242 F.2d 563, 564 (10th Cir.1957). The government's position with respect to Weiss' amended returns reflects the arbitrary and unreasonable refusal to accept amended returns shown in *Morrow, Becker & Ewing,* 57 F.2d at 3. In that case, the Court found that it is arbitrary and unreasonable of the government to refuse to accept amended returns when a taxpayer would, thus, be deprived of rights created by the law. The Court stated, based on fairness and justice to the taxpayer, that the returns should have been considered. "Taxes are assessed on income and not on honest mistakes of the taxpayer." *Id.*

Based on this analysis, and the fact that the original returns filed by Weiss did not comply with the law, the Court finds that the IRS abused its discretion by refusing to accept Weiss' amended and corrected tax returns for 1990, 1991 and 1992.

The allowance of the claim for 1990, 1991 and 1992 taxes was based on the original, but incorrect tax returns, relying on the improper exercise of discretion by the IRS to reject the amended returns filed by Weiss.

### *Claim for 1993 Taxes*

The bankruptcy court upheld the claim of the IRS for $612.00 for 1993 taxes. The government has stipulated that it received this sum from Weiss, yet it does not yield to Weiss' argument that a "paid" amount does not constitute a "claim".

■ Pursuant to 11 U.S.C. § 101(5):

"claim" means -

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

The statutory definition of a "claim," given its reasonable meaning, precludes attaching the status of "claim" to the sum which has been paid to the creditor by the debtor. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). The IRS does not have a "right to payment" for $612.00 from Weiss, pursuant to 11 U.S.C. § 101(5), and, therefore, that amount should not be allowed as an unsecured claim. Because the amount of $612.00 was paid by Weiss for the 1993 tax liability, it does not represent a claim which must be paid under the Chapter 13 plan.

---

1. The issue in this appeal concerns only the 1040 taxes. As stated by the bankruptcy court on the record: "[t]he issue is not the debtor's responsibility as a key person through the P.A. for the P.A.'s liability." TR at 78.

*CONCLUSION*

This Court finds merit in Appellant's position that the government's rejection of his amended tax returns for 1990, 1991 and 1992 was an abuse of discretion. This Court acknowledges the reason relied upon by the IRS, that there was a lack of supporting documentation to show payments by the corporation/employer to the debtor as salary, but finds that the government's proof of claim ignores the relevant tax laws regarding wage and dividend allocations for employees of a professional Sub-chapter S corporation. The Court finds that the refusal of the IRS to accept the debtor's amended tax returns for 1040 taxes for the years 1990, 1991 and 1992 was an abuse of discretion, and, thus, its claim for taxes founded on Weiss' original tax returns lacks a proper legal basis.

This Court's decision on the merits of this issue on appeal is **without prejudice** to the IRS to pursue other avenues for collection of any taxes due pertaining to the amended tax returns filed.

The Court also finds that the bankruptcy court erred in concluding that the paid amount of $612.00 is a valid unsecured claim against the debtor in his Chapter 13 bankruptcy case.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Memorandum Order Overruling Debtor's Objection to Claim of the United States of America, Department of Treasury/Internal Revenue Service is, hereby, **REVERSED and REMANDED**, with directions to vacate the allowance of the secured claim of the IRS in the amount of $49,869.87 and the unsecured claim of the IRS in the amount of $612.00, and without prejudice to further collection under applicable law of the taxes pertaining to the corporate employer of the debtor Dr. Michael Weiss.