**YEAGLE DRYWALL COMPANY, INC., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE,**

**Veterinary Surgical Consultants, P.C., Appellant,**

v.

**Commissioner Of Internal Revenue.**

Nos. 02–1132, 02–1214.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1 Dec. 3, 2002.

Decided Dec. 18, 2002.

Before ROTH, SMITH and CUDAHY,* Circuit Judges.

## OPINION

SMITH, Circuit Judge.

This consolidated appeal challenges determinations by the United States Tax Court that an officer and shareholder of each of the corporate taxpayers was an employee and that the taxpayer was therefore liable for taxes under the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. §§ 3101–3128, and the Federal Unemployment Tax Act ("FUTA"), 26 U.S.C. §§ 3301–3311. For the reasons set forth below, we will affirm.

## I.

The taxpayers, Veterinary Surgical Consultants, P.C. ("VSC") and Yeagle Drywall Company, Inc. ("YDC"), both received from the Internal Revenue Service ("IRS") a "Notice of Determination Concerning Worker Classification Under Section

7436." VSC's notice, dated November 17, 1998, advised that the IRS had determined that Kenneth Sadanaga, D.V.M., was to be classified as an employee for purposes of federal employment taxes for all quarters in 1994, 1995 and 1996 and that the taxpayer was not "entitled to relief from this classification pursuant to section 530 of the Revenue Act of 1978." VSC filed a timely petition for redetermination with the United States Tax Court and the parties stipulated to the facts. The stipulation established that the taxpayer was a subchapter "S" corporation which provided consulting and surgical services to veterinarians. The corporation was solely owned by Dr. Sadanaga, who was also its president and its only officer since incorporation. He alone performed the veterinary services rendered by VSC. In addition to his professional services, Dr. Sadanaga managed the business, performing all of the administrative tasks.

VSC did not make regular payments to Dr. Sadanaga for his services. Instead the money from VSC's bank account was withdrawn by Dr. Sadanaga as the need arose. The payments were not listed by VSC on its federal Form 1120S return as compensation to its officers or as wages. Instead, VSC computed its ordinary income and Dr. Sadanaga indicated this amount as non-passive income on the Schedule K–1 of his Form 1040 Return. The non-passive income on his returns for 1994, 1995, and 1996, respectively, was $83,995.50, $173,030.39, and $161,483.35.

The IRS issued its Notice of Determination Concerning Worker Classification to YDC in February 2000, advising that John Yeagle was classified as an employee for calendar years 1995, 1996, and 1997. Yeagle owned 99% of the business, with the

---

\* Honorable Richard Cudahy, Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

remaining 1% in his wife's name. Yeagle was president of his business since its incorporation and performed the following services: soliciting business; ordering supplies; executing agreements; managing finances; and hiring and firing independent contractors.

Yeagle, like Sadanaga, did not receive payments from his company on a regular basis. Rather, Yeagle "would take money from [YDC's] bank account as Mr. Yeagle's needs arose and/or would pay personal expenses from such account as he desired." Like VSC, Yeagle Drywall did not pay employment taxes for the services rendered by its owner, John Yeagle. Instead, it filed a Form 1120S reflecting the income earned by the corporation and Yeagle indicated that amount as non-passive income on the Schedule K–1 of his Form 1040 Return. The non-passive income reported for 1995, 1996, and 1997, respectively, was $26,711.08, $32,973.39, and $34,508.90.

Based on these stipulated facts, the Tax Court determined, in separate decisions, that the IRS had not erred in classifying Dr. Sadanaga and John Yeagle as employees under the FICA and the FUTA. It found that the payments received by Dr. Sadanaga and Yeagle were remuneration for the substantial services performed on behalf of the corporate taxpayer and that VSC and YDC were liable for the unpaid FICA and FUTA taxes. The Tax Court also concluded that neither taxpayer could obtain relief from the taxes due under the safe harbor established by section 530 of the Revenue Act of 1978.

## II.

We have "exclusive jurisdiction" under 26 U.S.C. § 7482(a)(1) "to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury[.]" 26 U.S.C. § 7482(a)(1). "Thus, we have plenary review over the Tax Court's findings of law, including its construction and application of the Internal Revenue Code." *PNC Bancorp, Inc. v. Commissioner of Internal Revenue*, 212 F.3d 822, 827 (3d Cir.2000).

## III.

FICA and FUTA impose taxes on employers based on the wages paid to individuals in their employ. 26 U.S.C. §§ 3111, 3301. "Wages" is defined broadly by both Acts, with certain exceptions not applicable here, as "all remuneration for employment[.]" 26 U.S.C. §§ 3121(a), 3306(b). Employment is defined as "any service of whatever nature, performed ... by an employee for the person employing him[.]" 26 U.S.C. §§ 3121(b), 3306(c). FICA also defines "employee," in pertinent part, as:

(1) any officer of a corporation; or

(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee[.]

26 U.S.C. § 3121(d). Treasury regulation § 31.3121(d)–1(b) restates the general rule that an officer of a corporation is an employee of the corporation and specifies that there is an exception for an "officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration[.]" 26 C.F.R. § 31.3121(d)–1(b).

Consistent with this law, the Tax Court focused on whether the distributions of income made by VSC and YDC were remuneration for the services performed by Dr. Sadanaga and John Yeagle. The court found that each of these individuals performed substantial services for the corporate taxpayers and that the distributions of income received were, in fact, remunera-

tion for the services rendered. Accordingly, it held that the taxpayers were liable for federal employment taxes under the FICA and the FUTA.

■ We agree. Under the FICA, an officer of a corporation is an employee unless he performs only minor services. 26 U.S.C. § 3121(d)(1); 26 C.F.R. § 31.3121(d)–1(b). Dr. Sadanaga's services were anything but minor inasmuch as he was the only source of revenue for VSC and performed all of the administrative tasks. Likewise, John Yeagle managed and directed all of the activities undertaken by YDC. Because these services were substantial, the Tax Court did not err in concluding that the distributions of income paid by the corporate taxpayers were remuneration for services rendered, thereby constituting wages under both the FICA and the FUTA.

The Ninth Circuit's decision in *Spicer Accounting, Inc. v. United States*, 918 F.2d 90 (9th Cir.1990), is instructive. There, the court determined that the dividends paid by an S corporation to a shareholder, who was also an officer and the only certified public accountant performing services for the business, were wages. It relied upon: (1) treasury regulations which provide that the "form of payment is immaterial, the only relevant factor being whether the payments were actually received as compensation for employment," *id.* (citing 26 C.F.R. §§ 31.3121(a)–1(b), 31.3306(b)–1(b)); (2) the definition of employee in § 3121(d)(1); and (3) the exception contained in the treasury regulation for officers performing minor services, 26 C.F.R. § 31.3121(d)–1(b). Because Mr. Spicer was the only individual providing accounting services to the corporation and these services were substantial, the court

concluded that the dividends were remuneration and subject to federal employment taxes. 918 F.2d at 92–93; *see also Joseph Radtke, S.C. v. United States*, 895 F.2d 1196 (7th Cir.1990).

The taxpayers argue, however, that the Tax Court erred because it failed to consider whether, under the stipulated facts, Dr. Sadanaga and John Yeagle were employees "under the usual common law rules applicable in determining the employer-employee relationship," as provided by § 3121(d)(2). They rely upon *Texas Carbonate Co. v. Phinney*, 307 F.2d 289 (5th Cir.1962), which conducted an employer-employee analysis, consistent with § 3121(d)(2), despite the fact that the purported employee was an officer of the corporate taxpayer.

Reliance upon *Texas Carbonate* is misplaced for two reasons. First, it is neither binding nor authoritative in light of its failure to apply the plain language of § 3121(d) which defines employee by using the conjunction "or" between subparagraphs (1) and (2). This conjunction signifies an intent that an individual may qualify as an employee under either set of circumstances. Here, Dr. Sadanaga and John Yeagle satisfy the criteria set forth in § 3121(d)(1) and the applicable treasury regulation § 31.3121(d)–1(b), thereby obviating any reason to analyze whether they are employees under the usual common law rules under subparagraph (2).[1]

Second, despite the *Texas Carbonate* court's failure to recognize the applicability of § 3121(d)(1), its analysis considered whether the services of the officer, in the absence of any control by the corporation, were substantial. It pointed out that the officer was a stockholder, a director, and a

---

1. It is important to point out that by rejecting the taxpayers' argument, we are avoiding an interpretation of § 3121(d) which would render subparagraph (1) superfluous. *See Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir.2001).

manager of the company, in charge of its sales, and the development of its markets. These services, in the court's view, were substantial and justified the determination that: (1) the officer was an employee; and (2) the corporation was liable for federal employment taxes. 307 F.2d at 292–93.

## IV.

Under Section 530 of the Revenue Act of 1978, there is a safe harbor for taxpayers who owe FICA and FUTA taxes as a result of wrongfully failing to classify certain individuals as employees. *See* P.L. 95–600, as amended by P.L. 96–167, P.L. 96–541, P.L. 97–248, P.L. 99–514 and P.L. 104–188 (hereinafter cited as "Section 530"). This uncodified section relieves a taxpayer of certain federal employment tax liabilities arising from a failure to treat an individual as an employee if the taxpayer had a "reasonable basis for not treating such individual as an employee." Section 530(a)(1); *303 West 42nd St. Enter., Inc. v. I.R.S.*, 181 F.3d 272, 274 (2d Cir.1999). Section 530(a)(2) specifies that a taxpayer shall be treated as having a reasonable basis for not treating an individual as an employee if it reasonably relied on:

(A) judicial precedent, published rulings, technical advise with respect to the taxpayer, or a letter ruling to the taxpayer;

(B) a past Internal Revenue Service audit of the taxpayer[;] or

(C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

Section 530(a)(2).

Here, the taxpayers assert that the Tax Court improperly determined that they were not entitled to relief under this safe harbor provision. They contend that there was a reasonable basis for not treating Dr. Sadanaga and John Yeagle as employees, citing the judicial precedent in *Texas Carbonate*, 307 F.2d at 289.

■ As we explained above, *Texas Carbonate* is not authoritative and it does not support the taxpayers' argument that Dr. Sadanaga and John Yeagle were not employees. Thus, any reliance upon *Texas Carbonate* by either VSC or YDC was unreasonable, particularly in light of the subsequent decisions in *Radtke*, 895 F.2d at 1197–98, and *Spicer Accounting*, 918 F.2d at 94–95. Indeed, *Spicer Accounting* rejected the taxpayer's argument that it had a reasonable basis for not treating its officer as an employee under Section 530 and should not be held liable. The court reasoned that Mr. Spicer was "for all practical purposes, the central worker for the taxpayer" and it declared that a "corporation's sole full-time worker must be treated as an employee." 918 F.2d at 95.

Finally, the taxpayers argue that their due process rights were violated because the IRS failed to give written notice of the provisions of Section 530 at earlier audits. This argument was not raised before the Tax Court and we will not consider it for the first time on appeal. *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).

## V.

Accordingly, because Dr. Sadanaga and John Yeagle were properly classified by the IRS as employees of VSC and YDC, respectively, and there was no reasonable basis for not treating them as employees, we will affirm the decision of the Tax Court.