PAUL A. SCHAEFER AND ESTATE OF JOYCE F. SCHAEFER, DECEASED, PAUL SCHAEFER, PERSONAL REPRESENTATIVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaefer v. Commissioner
Docket No. 16784-92
United States Tax Court
T.C. Memo 1994-444; 1994 Tax Ct. Memo LEXIS 472; 68 T.C.M. (CCH) 655; August 31, 1994, Filed *472 Decision will be entered under Rule 155. For petitioners: Thomas G. Hodel. For respondent: Virginia L. Hamilton. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined Federal income tax deficiencies for petitioners [1] 1984 and 1985 taxable years in the amounts of $ 7,668 and $ 10,475, respectively. Respondent also determined additions to tax under section 6653(a)(1)[2] for 1984 and 1985 in the amounts of $ 383 and $ 524, respectively. If the section 6653(a)(1) addition is upheld, the addition under section 6653(a)(2) would also apply with respect to the interest on any portion of the income tax deficiency finally determined that is attributable to negligence or intentional disregard of rules or regulations. Lastly, respondent determined additions to tax under section 6661 for 1984 and 1985 in the amounts of $ 1,917 and $ 2,619, respectively. *473 After concessions, the issues remaining for our consideration are: (1) Whether payments from a closely held corporation constitute repayments of loans or dividends, and (2) whether petitioners are liable for the additions to tax under sections 6653(a) and 6661. FINDINGS OF FACT [3]
Petitioners resided in Denver, Colorado, at the time the petition in this case was filed. Petitioner Paul A. Schaefer (Mr. Schaefer) began a sole proprietorship to manufacture and sell plastic devices during the early to mid-1970s. The devices were used to carry garment bags and ski boots and were denominated, as was the name of the business, "Hanger Carrier". During the middle to late 1970s, Mr. Schaefer also began a business denominated "Little Giant", involving the rental and sales of carpet cleaning machines. Mr. Schaefer decided to begin manufacturing the carpet cleaning machines in the late 1970s, and in 1980 Little Giant was incorporated. *474 At all pertinent times, Mr. Schaefer was the sole shareholder of the corporation. Mr. Schaefer's wife (Mrs. Schaefer), now deceased, was an interior decorator and worked for a retail furniture company during the years under consideration. When Little Giant was incorporated, Mr. Schaefer's equipment and supplies, used in manufacturing the cleaning machines, were transferred to the corporation. In addition, about 50 of the machines, already manufactured, with a value of about $ 1,300 or $ 1,400 each, were transferred to the corporation. Mr. Schaefer also transferred about $ 5,000 worth of parts to the corporation at that time. Also, the remnants of the Hanger Carrier business were transferred to the corporation. The Hanger Carrier business was static at the time of transfer and mainly consisted of an inventory of the hanger carriers which was turned over to the corporation. In addition, the corporation assumed Mr. Schaefer's liabilities, which included loans from Mrs. Schaefer. Initially, Mr. and Mrs. Schaefer had borrowed about $ 15,000 for use in the businesses, for which Mrs. Schaefer put up their residence, which was in Mrs. Schaefer's name alone, as collateral. After *475 incorporation, the corporation was not always able to make loan payments on the various loans, and Mrs. Schaefer would make all or part of the payments. In all, the corporation made about two-thirdsof the loan repayments on the $ 15,000 loan. For all purposes, Mr. Schaefer and the corporation treated the loan as one from Mrs. Schaefer. After incorporation, the corporation also succeeded to a line of credit which ranged from about $ 60,000 to $ 90,000. Mr. and Mrs. Schaefer were both responsible on the line of credit, and they collateralized unimproved realty in connection with the obligation. The corporation experienced cash-flow problems, and Mrs. Schaefer and the children of petitioners, from time to time, made loans to the corporation. The loans were made by different means, including direct advances and payment of corporate obligations. All obligations of the corporation to various lenders were recorded in various corporate record books, including the ledger and checkbook registry. In addition, Mrs. Schaefer kept a separate record of the amounts she loaned to and repayments she received from the corporation. In addition to the $ 15,000 preincorporation loan and other loans, *476 during 1980 through 1984, Mrs. Schaefer made direct advances and payments on behalf of the corporation in a total amount approximating $ 33,000. No promissory notes were executed, and no interest was paid on these amounts. During the years 1984 and 1985, payments by the corporation were made to Mrs. Schaefer in the respective total amounts of $ 14,896 and $ 23,800. The corporate books reflected the payments as loan repayments. OPINION We must decide whether part or all of the $ 14,896 and $ 23,800 paid to Mrs. Schaefer during 1984 and 1985, respectively, were dividends to Mr. Schaefer or the repayment of loans made by Mrs. Schaefer. If the payments were loan repayments, they would not be taxable to petitioners, and if they were dividends they would be taxable to Mr. Schaefer.[4]Whether the amounts were loan repayments or dividends depends upon the intent, both at the time Mrs. Schaefer made the advances or payments on the corporation's behalf and at the time the payments were made to Mrs. Schaefer. Petitioners bear the burden of showing that bona fide debt was created, for which there was an intent of repayment. Chism's Estate v. Commissioner, 322 F.2d 956, 960 (9th Cir. 1963), *477 affg. T.C. Memo. 1962-6; Commissioner v. Makransky, 321 F.2d 598, 600 (3d Cir. 1963), affg. 36 T.C. 446 (1961). This is a purely factual issue, and respondent's determination that the payments were dividends is presumptively correct, with the burden of proof being on petitioners. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Initially, we point out that Mrs. Schaefer did not hold any equity in the corporation, and Mr. Schaefer was the sole shareholder. Accordingly, dividend treatment can be considered with respect to Mr. Schaefer only. In order to reach the conclusion that a dividend occurred, we would have to conclude that the payments to Mrs. Schaefer were on behalf of or for the benefit of Mr. Schaefer. Finally, it is appropriate to thoroughly *478 scrutinize these transactions because they involve a closely held corporation and family members. Spicer Accounting, Inc. v. United States, 918 F.2d 90, 92 (9th Cir. 1990); Tulia Feedlot, Inc. v. United States, 513 F.2d 800, 805 (5th Cir. 1975), cert. denied 423 U.S. 947 (1975). Respondent's position regarding this issue focuses upon the lack of formality and documentation and, generally, the view that petitioners have not carried their burden of proof. More specifically, respondent argues that, other than the corporate books and Mrs. Schaefer's memoranda, the petitioners' attempt to show the intent with respect to the loans and repayments was by means of the testimony of Mr. Schaefer, his children, and petitioners' accountant. In this regard, we found the uncontradicted testimony of Mr. Schaefer, his two adult children, and petitioners' accountant to be credible and ultimately persuasive in reaching a preponderance of the evidence favorable to petitioners. Mr. Schaefer, a creative individual, was involved in several entrepreneurial pursuits. He invented a gadget that resulted in some financial *479 success, and he engineered a method for manufacturing carpet cleaning machines. Mrs. Schaefer was an interior decorator who pursued her own career working for a furniture company. When Mr. Schaefer initiated one of his ventures, he obtained some bank financing, but also looked to his wife and children to assist in funding the purchase of materials and also during periods of poor cash flow. This financing approach continued through the time when Mr. Schaefer operated his businesses as proprietorships and after the businesses were incorporated. Mrs. Schaefer and the children advanced money to the businesses, either directly or by means of paying the businesses' expenses. All such advances were carried on the businesses' corporate books as loans (not from a shareholder), and there was no question, between the parties, that these were loans and not capital contributions. There was also no question about whether these advances were to be repaid. When the repayments occurred with respect to Mrs. Schaefer, respondent determined that they constituted dividends -- we find otherwise. While respondent's argument that the absence of notes and interest payments has merit, the lack of formality *480 here, and the inference it raises, is insufficient to overcome the evidence produced by petitioners. See, e.g., Faist v. Commissioner, T.C. Memo. 1980-354. Finally, this is not an instance where a shareholder or a shareholder's family member (who is neither a creditor nor shareholder) receives benefits from a corporation that the parties argue are either loans or dividends. In this case, Mrs. Schaefer loaned the money and had no equity interest in any of the businesses. The repayments were in two relatively large amounts that, for the most part, liquidated the amount shown as owing on the books of record. We accordingly hold that the $ 14,896 and $ 23,800 payments to Mrs. Schaefer during 1984 and 1985, respectively, were loan repayments and not dividends on behalf of or for the benefit of Mr. Schaefer. Finally, we consider whether petitioners are liable for additions to tax for negligence or intentional disregard of the rules or regulations and/or for substantial understatements. The addition to tax for negligence under section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to *481 negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of the rules or regulations. For purposes of this section, negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299). Respondent principally argues that petitioners are liable for these additions due to their failure to maintain adequate books and records as required in the statute and regulations. Although the records kept by petitioners and the corporation were not exemplary and were somewhat rudimentary, they were sufficient to keep track of the amounts due to Mrs. Schaefer and for respondent's agent to reach conclusions about the classification *482 of transactions. Respondent also argues that petitioners claimed various deductions to which they were not entitled that should give rise to the negligence additions to tax. In this regard, the parties settled a few issues other than the one we have decided. The settlement, which is contained in the parties' stipulation of facts, reflects that petitioners agreed that they were not entitled to a dependency exemption for their son for 1984 and 1985, and that they were not entitled to travel and other business expenses claimed in the total amounts of $ 759 and $ 418 for 1984 and 1985, respectively. The last item settled involved respondent's determination that petitioners had income from the corporation (aside from the dividend issue) in the amounts of $ 7,501 for 1984 and $ 14,227 for 1985. Each party conceded a part of the amount for both years, resulting in the net effect of a 50-50 settlement of that issue. On this record we are unable to find petitioners liable for the negligence additions in either taxable year. Respondent also determined additions to tax under section 6661 for both taxable years. That section provides that if there is a substantial understatement of tax *483 for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). There is a substantial understatement of income tax if the amount of the understatement for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $ 5,000. Petitioners argue simply that there are no additions due, but they do not provide any particular reason. They have not shown adequate disclosure with respect to the items settled which may result in a deficiency. Nor have they argued any other reason why the section 6661 additions should be reduced or waived. Secs. 6661(b)(2)(B), 6661(c); Mailman v. Commissioner, 91 T.C. 1079 (1988). Our holding for petitioners on the loan versus dividend issue may not reduce the resulting understatements below the threshold because of the concessions of the parties. Accordingly, if the understatement for any year of petitioners' is "substantial" within the meaning of section 6661(b)(1)(A), there will be an addition *484 to tax under section 6661(a) for such year. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Petitioner Joyce F. Schaefer died after the petition was filed.↩
2. Section references are to the Internal Revenue Code as amended and in effect for the taxable years under consideration. Rule references are to this Court's Rules of Practice and Procedure.↩
3. The parties stipulated facts and exhibits that are incorporated by this reference.↩
4. Mr. and Mrs. Schaefer filed joint returns for the 1984 and 1985 tax years; thus, the recognition of income would affect them equally for those years.↩