Paul W. **BOYLES** and Dorothy H. Boyles, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

No. 1:99CV00132.

United States District Court, M.D. North Carolina.

March 26, 2001.

Mathew E. Bates, Greensboro, NC, for Plaintiffs.

Christopher J. Kayser, U.S. Dept. of Justice, Washington, DC, for Defendant.

### MEMORANDUM OPINION
### AND ORDER

ELIASON, United States Magistrate Judge.

This case comes before the Court on defendant's motion for summary judgment. That motion has been fully briefed and is ready for a decision.

*Facts*

Only a brief recitation of the facts is necessary to reach a decision in this matter. The facts that follow are the facts that the parties apparently agree to. Where there is disagreement or uncertainty, that will be noted.

Paul Boyles formed Triangle Medical Diagnosis and Therapy, Inc. in 1974. Although he has stated that he was the sole shareholder, Triangle's 1988 tax returns and its Chapter 7 bankruptcy petition list his wife, Dorothy, as a 50% shareholder. In any event, $300 was paid for all of the stock of the corporation at startup. Mr. Boyles stated in his deposition that he then spent roughly $500,000 setting up the corporation over the next three years. Over a period of years, Mr. Boyles (and perhaps Mrs. Boyles) also put additional money into the business at various times. Mr. Boyles testified in his deposition that he spent $25,000 on an x-ray machine, $35,000 on a computer system, and $45,000 on a stress echocardiagram. These and other payments to the corporation totaled $124,000 and were kept on the corporation's books as loans owed to the Boyles. The $500,000 contributed earlier was apparently not treated in this manner.

During 1988 and 1989, Triangle made payments to the Boyles for personal expenses including their mortgage installments and Mr. Boyles' country club dues. For tax purposes, the Boyles characterized these payments as repayments on the $124,000 in loans that had been made to Triangle. However, in a subsequent audit, the Internal Revenue Service (IRS) determined that the loans were not loans at all, but were actually capital contributions to Triangle. Therefore, the loan repayments were actually classed as taxable dividends which led to assessments against the Boyles by the IRS of $10,891 plus interest and penalties for the 1988 tax year and

$18,736 plus interest and penalties for the 1989 tax year. Although plaintiffs paid these amounts, they now seek to have the payments refunded claiming that the $124,000 in payments to Triangle really were loans and that the payments of their personal expenses were nontaxable payments on those loans rather than taxable dividends.

There are complicating factors in this case. On October 7, 1990, Triangle filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Thereafter, its books and records were given to a bankruptcy trustee who examined them in order to find any preferential payments to officers or shareholders. No preference letters were sent during that proceeding.

On October 11, 1991, the bankruptcy trustee was authorized by the Bankruptcy Court to offer the records to the IRS, the North Carolina Department of Revenue, and the debtor or its attorney, in that order. If none of the parties took the records, the trustee was permitted to destroy them. No one has informed the Court with any certainty as to what actually became of the records. However, they appear to be unavailable as far as this case is concerned.

Further, the assessment against the Boyles was made during a personal audit conducted by the IRS in 1992. Since that time, the IRS has possibly destroyed its audit files, making them unavailable as well.

### Discussion

Defendant has moved for summary judgment on plaintiff's refund claims. Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c). The Court must view the evidence in a light most favorable to the non-moving party. *Pachaly v. City of Lynchburg,* 897 F.2d 723, 725 (4th Cir. 1990). When opposing a properly supported motion for summary judgment, the party cannot rest on conclusory statements, but must provide specific facts, particularly when that party has the burden of proof on an issue. *Id.* The mere fact that both parties request summary judgment does not necessarily mean that the material facts are undisputed. *World–Wide Rights Ltd. Partnership v. Combe Inc.,* 955 F.2d 242, 244 (4th Cir.1992). "The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, *in the form of admissible evidence,* that could carry the burden of proof of his claim at trial." *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1316 (4th Cir.1993) (emphasis added). A mere scintilla of evidence will not suffice. Rather, there must be enough evidence for a jury to render a verdict in favor of the party making a claim. A few isolated facts are not sufficient. *Sibley v. Lutheran Hosp. of Maryland, Inc.,* 871 F.2d 479 (4th Cir.1989). But, and this is important in the instant case, the Court must view the facts in a light most favorable to plaintiff, resolve all disputes in plaintiff's favor, and assume the credibility of his evidence. *Miller v. Leathers,* 913 F.2d 1085 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). As will be seen later, this constraint has a major impact on defendant's summary judgment motion.

In the present case, there are two issues to be considered in deciding defendant's motion for summary judgment. The first concerns the timeliness of defendant's motion. The motion was filed well out of the time allowed for dispositive motions and the required notice of intent to file such a motion was not given to plaintiffs. There-

fore, plaintiffs request that the motion not be considered. Second, if the Court does decide to address defendant's motion on its merits, the Court must examine the character of the $124,000 in contributions by plaintiffs to Triangle and the payments made by Triangle to plaintiffs. The Court must determine whether plaintiffs have produced sufficient evidence that they were loans and loan payments to allow them to proceed to trial on the issue.

### Timeliness of Defendant's Motion

■ Local Rule 56.1(a) states that a party wishing to file a motion for summary judgment or other dispositive motion "must file and serve notice of intention to file dispositive motion within 10 days following the close of discovery." Local Rule 56.1(b) requires that all dispositive motions and supporting briefs be filed and served within thirty days following the close of discovery. In the present case, by order of the Court, discovery ended on July 28, 2000. However, defendant never filed or served plaintiffs with notice of its intent to file a dispositive motion and did not actually file its motion until December 20, 2000, almost four months after the time for doing so had expired. Accordingly, plaintiffs ask that defendant's motion be denied without being considered on its merits.

In its reply brief, defendant does not deny that it filed no notice of intent or that its motion was filed out of time. Instead, it characterizes its breaches of this Court's Local Rules as "technical violations" which do not merit denial of its motion. It points out that the time limits in the Local Rules do not set up a strict statute of limitations period for filing summary judgment, but rather set up time limits for the convenience of the Court. Therefore, when a motion is filed out of time, the decision concerning whether or not to rule on it is within the discretion of the Court.

Defendant is correct that denial of its motion is not absolutely required by the Local Rules and that the decision is within the discretion of the Court. However, it has long been the standard policy of the judges of this Court that motions which are not filed in accordance with the requirements of the Local Rules will not be considered except in extraordinary circumstances.[1] Therefore, absent such circumstances, the Court will deny defendant's motion.

Extraordinary circumstances may be present in at least two ways. First, extraordinary circumstances may exist which prevented defendant from filing its motion. In the case at bar, no such circumstances appear to exist because defendant has failed to give any reason for its failure to timely file its notice of intent and dispositive motion. Second, the nature of the case might cause the Court to consider the motion on its merits despite the lack of compliance with Local Rules. Examples of such a situation would be where a case was so one sided that the non-movant could not hope to succeed at trial, where a case appears frivolous, or where a non-movant failed to respond to the merits of the motion for summary judgment at all. Having examined the evidence in the case, the nature of the Boyles' action against defendant does not fall into these categories.

■ Reviewing the case law cited by the parties in their briefs, whether a contribution to a closely held corporation by a shareholder is a loan or a capital contribution appears to turn on the intent of the corporation and shareholder. *Wood Pre-*

---

1. In cases set on the Court's Master Calendar, the Court rarely, if at all, would consider an untimely motion because of the consequent delay in trial. However, this case is not set on the Master Calendar schedule and, therefore, the Court has more leeway in excusing tardiness.

*serving Corp. of Baltimore v. United States*, 347 F.2d 117 (4th Cir.1965). However, while the testimony of the shareholder is relevant to this consideration, any other relevant circumstances surrounding the transaction must also be examined. *Id.* at 119. Some of these circumstances are the nature of any instrument evidencing or creating the debt, the presence or absence of a fixed interest rate and scheduled payments, the adequacy or inadequacy of the capitalization of the corporation, how the contributions were used by the corporation, how the contributions were carried on the corporation's books, and the business purpose behind the transaction. *Id.* at 119–120; *Schaefer v. Commissioner*, 68 T.C.M. (CCH) 655 (1994); *Murphy v. Commissioner*, 21 T.C.M. (CCH) 1161 (1962).

In the present case, some of these factors do weigh in defendant's favor, such as the absence of any instrument creating a debt, a lack of any interest charge, and a lack of any repayment schedule. However, Mr. Boyles a testified at his deposition that $124,000 of the payments that he made to the corporation were intended as loans and were carried as loans on Triangle's books. Although it is true that this may have been done at Mr. Boyles' request, the fact that he treated the $124,000 differently than the other hundreds of thousands of dollars that he contributed does carry some weight. Other factors such as the purpose of the loan, the capitalization of the corporation at the time of the loans, and the corporation's use of the money are either somewhat ambiguous as to intent or are not clearly established.

Questions of intent are notoriously difficult to answer at summary judgment, particularly where, as here, issues of credibility are involved and cannot be answered in a summary judgment proceeding. *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir.1996). This is particularly true where, as here, the Court must assume the credibility of plaintiff's evidence. This likely explains why quite a number of the cases cited by the parties in their briefs involved decisions following trials or hearings rather than summary judgment rulings. Evidence cutting both ways has been presented to the Court making summary judgment more risky and less than likely even if defendant's motion were considered on its merits. The fact resolution should take place at a hearing. It is for these reasons that the present action is not an extraordinary case where the Court will ignore its Local Rules and established practices to consider defendant's motion on its merits. Accordingly, defendant's motion is denied for not being timely filed and a bench trial will be set to determine the merits of the case.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (docket no. 19) be, and the same hereby is, denied.

**IT IS FURTHER ORDERED** that this case is hereby set for a bench trial in Winston–Salem, North Carolina, on Wednesday, May 2, 2001, at 9:30 a.m. (Courtroom No. 2).