**TEXAS CARBONATE COMPANY,**
Appellant,

v.

**R. L. PHINNEY, District Director of Internal Revenue,** Appellee.

No. 18854.

United States Court of Appeals
Fifth Circuit.

Aug. 7, 1962.

Robt. H. Rice, Muckleroy McDonnold, San Antonio, Tex., for appellant.

Abbott M. Sellers, Acting Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Russell B. Wine, U. S. Atty., and K. Key Hoffman, Asst. U. S. Atty., San Antonio, Tex., Burt J. Abrams, Atty., Louis F. Oberdorfer, Asst. Atty. Gen., A. F. Prescott and Harold M. Seidel, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before JONES, BROWN and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Texas Carbonate Company, yielded to the demands of the District Director of Internal Revenue and paid the Unemployment Compensation and Social Security contributions which had been claimed with respect to payments made by Texas Carbonate to Luther H. Miller. Having paid the Government, the Company brought suit for a refund on the ground that Miller was an independent contractor and was not an employee within the meaning of the statutes under which the contributions are levied. Miller was one of four stockholders of Texas Carbonate Company, owning twenty-five per cent. of its stock. Each of the stockholders was a director.

The Company mined, processed and sold products derived from a deposit in Williamson County, Texas. Miller was in charge of sales of the Company's products. For his services he received 50¢ per ton on all sales, whether or not made by him. In 1941 the board of directors gave him the title of general manager but there was not then any change in the manner or rate of the payments to him. In 1943 he was elected vice president but ceased to have the title of general manager. His compensation, measured by sales, was increased from 50¢ to 75¢ per ton. In the minutes he was referred to as an independent contractor.

In various ways Miller rendered services to the Company. He presided at one directors' meeting. The collection of delinquent accounts, the investigation of markets for new products, and the preparation of advertising copy and arranging for its publication were committed to his charge. He shared executive reponsibilities with the manager of the plant. For the Company it was contended that Miller could not be discharged, he drew no compensation as salary or wages, he would not be entitled, under the law of Texas, to state unemployment compensation if the Company should cease operations. It was the Company's position that Luther H. Miller was an independent contractor and not an employee, and hence the contributions were unlawfully exacted. The district court, trying the case without a jury, resolved the issues in favor of the District Director. The question, a narrow one though not without its difficulties, is whether Luther H. Miller was an employee of Texas Carbonate Company within the meaning of the statutes during the years 1953 and 1954.

The Federal Insurance Contributions Act, 26 U.S.C.A. (I.R.C.1939) § 1400 et seq., 26 U.S.C.A. (I.R.C.1954) § 3101 et seq., defines employee to mean:

"(1) any officer of a corporation; or

"(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or

"(3) any individual (other than an individual who is an employee under paragraph (1) or (2) of this sub-section) who performs services for remuneration for any person.

\* \* \* \* \* \*

"(D) as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis, in the solicitation on behalf of, and the transmission to, his principal (except for side-line sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations." 26 U.S.C.A. (I.R.C.1939) § 1426(d), 26 U.S.C.A. (I.R.C. 1954) § 3121(d).

In the Federal Unemployment Tax Act, 26 U.S.C.A. (I.R.C.1939) § 1600 et seq., 26 U.S.C.A. (I.R.C.1954) § 3301 et seq., the definition reads:

"The term 'employee' includes an officer of a corporation, but such term does not include (1) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor or (2) any individual (except an officer of a corporation) who is not an employee under such common-law rules." 26 U.S.C.A. (I.R.C.1939) § 1607(i), 26 U.S.C.A. (I.R.C.1954) § 3306(i).

The statutory definition of "employees" as including officers of a corporation will not be so construed as to mean that an officer is an employee per se. Only such officers as work for it in fact are to be so included and, in determining whether an officer is an employee within the meaning of the statutes the usual employer-employee tests

are to be applied. Independent Petroleum Corporation v. Fly, 5th Cir.1944, 141 F.2d 189, 152 A.L.R. 928; United States v. Bernstein, 4th Cir.1949, 179 F. 2d 105; United States v. Aberdeen Aerie No. 24, 9th Cir.1945, 148 F.2d 655. The provisions of a resolution of the corporation that Miller was not to be under the control or direction of any of its officers is scarcely persuasive since he was himself an officer and a large stockholder and control over him could be, and in some instances was, exercised by the Board of Directors as in permitting him to go to Minneapolis in search of a new market for the Company's product. The reference to Luther H. Miller in the resolution as an independent contractor will not make him such if the factual circumstances of his relationship to the Company fix his status as that of an employee. Lumber Mutual Casualty Insurance Co. v. Stukes, 4th Cir.1947, 164 F. 2d 571.

■■■ No hard and fast rule can be stated for determining whether a particular relationship is one of employer and employee or contractee and independent contractor, and the nature of the relationship is a question of fact to be determined from the facts of the particular case. 56 C.J.S. Master and Servant § 3 (2), 45; Madison v. Phillips Petroleum Co., 5th Cir.1937, 88 F.2d 515, cert. den. 301 U.S. 703, 57 S.Ct. 946, 81 L.Ed. 1358; Ringling Bros.-Barnum & Bailey Combined Shows, Inc., v. Higgins, 2nd Cir.1951, 189 F.2d 865. Since the question is one of fact, our function on review is to determine whether there is a substantial basis in the evidence to support the fact determination made by the district court. Commissioner of Internal Revenue v. Scottish American Co., 323 U.S. 119, 65 S.Ct. 169, 89 L.Ed. 113. Although the determination is to be made by common law concepts, a realistic interpretation of the term "employee" is to be adopted, and doubtful questions should be resolved in favor of employment in order to accomplish the remedial purposes of the legislation involved. Westover v. Stockholders Publishing Co.,

9th Cir.1956, 237 F.2d 948; Ringling Bros.-Barnum & Bailey Combined Shows, Inc., v. Higgins, supra; Hearst Publications, Inc. v. United States, D.C. N.D.Calif., 1946, 70 F.Supp. 666, aff. 168 F.2d 751.

■■■ The absence of any right of Miller to Texas unemployment compensation is not a factor in determining the relationship existing between him and the Company under the federal legislation which we are here considering. American Oil Co. v. Fly, 5th Cir.1943, 135 F.2d 491, 147 A.L.R. 824. The appellant has asserted that Miller could not be discharged and this is given as a reason for classifying him as an independent contractor. It is doubtful that the record establishes the existence of any agreement for a permanent arrangement between the Company and Miller, but there seems to be no doubt, under the Texas law, that any such agreement would be ultra vires and invalid because contrary to the public policy of the state. Leon Farms Corporation v. Beeman, Tex. Civ.App., 240 S.W.2d 433. Cf. Denton Milling Co. v. Blewett, Tex.Civ.App., 254 S.W. 236.

It is urged that there was an absence of control of Luther H. Miller in the performance of his work for the Company and this made him an independent contractor. This factor is to be considered and, though not controlling, is important. Strangi v. United States, 5th Cir.1954, 211 F.2d 305; American Oil Co. v. Fly, supra. Even though an absence of control is shown, and this as we have noted has not been done, the force of the factor is diminished to near de minimis by the fact that Miller himself was a member of the Board of Directors, a Vice President, and the executive of the Company in charge of its sales and the development of its markets. A commission basis of compensation is consistent with an employer-employee relationship. Capital Life & Health Insurance Co. v. Bowers, 4th Cir.1950, 186 F. 2d 943; Weatherguard Corporation v. United States, 137 Ct.Cl. 359, 146 F. Supp. 942. So also an employee may be

required to take care of his travel expense out of his commission compensation. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757.

Luther H. Miller, in addition to being a stockholder, director and officer of the Company and in charge of the marketing of its product, participated in the determination of policy and in management of the Company and its business. He engaged in no business activity for others, and his work for the Company was in no sense incidental to a separate or independent business or profession. Except for an automobile he had no capital investment other than his stock ownership, and he assumed no financial risks incident to his activity for the Company. The district court considered these and the other factors here recounted, and decided that Luther H. Miller was an employee of the appellant, Texas Carbonate Company. Our consideration has led us to the same conclusion. We find no error in the district court's judgment and it is

Affirmed.