

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# Nu Look Design Inc v. Commissioner IRS

Precedential or Non-Precedential: Precedential

Docket No. 03-2754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Nu Look Design Inc v. Commissioner IRS" (2004). *2004 Decisions.* Paper 1039.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1039

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed January 26, 2004

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2754

NU-LOOK DESIGN, INC.,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal from the United States Tax Court
(No. 01-10368)
Tax Judge: The Honorable Mary Ann Cohen

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2004

Before: BARRY and SMITH, *Circuit Judges*,
and POLLAK, *District Judge**

(Filed: January 26, 2004)

Joseph O'Donnell
116 East Allen Street
Philadelphia, PA 19125
*Counsel for Appellant*

---

* The Honorable Louis H. Pollak, Senior District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Regina S. Moriarty
Richard Farber
United States Department of Justice
Tax Division
P.O. Box 502
Washington, D.C. 20044
*Counsel for Appellee*

---

## OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

This appeal challenges the determination by the United States Tax Court that the Internal Revenue Service ("IRS") appropriately classified Ronald A. Stark, who was an officer and the sole shareholder of Nu-Look Design, Inc. ("Nu-Look"), as an employee of Nu-Look. That determination resulted in Nu-Look's liability for certain employment taxes under the Federal Insurance Contributions Act ("FICA") 26 U.S.C. § 3101-3128, and the Federal Unemployment Tax Act ("FUTA"), 26 U.S.C. § 3301-3311. We affirm.

### I.

On June 8, 2001, the IRS issued to Nu-Look a Notice of Determination Concerning Worker Classification Under Section 7436. The Notice advised that the IRS had classified an individual at Nu-Look as an employee for purposes of federal employment taxes and that such taxes "could" be assessed for calendar years 1996, 1997 and 1998. The Notice further advised that the IRS had determined that Nu-Look was "not entitled to relief from this classification pursuant to Section 530 of the Revenue Act of 1978." Although the Notice did not identify the "employee" by name, it was clear that the alleged employee was its sole shareholder and president, Ronald A. Stark.

Nu-Look challenged this determination by filing a petition for redetermination in the United States Tax Court which asserted that Nu-Look had "properly and correctly distributed its net income to Mr. Stark in each of the said years (1996, 1997 and 1998) at issue . . . ." On February

26, 2002, Nu-Look filed a motion seeking leave to file an amended petition for redetermination. The motion asserted that the IRS had not complied with Section 530 of the Revenue Act of 1978 because it had failed to furnish Nu-Look with written notice of Section 530's provisions. This omission, according to Nu-Look, "seriously violated [Nu-Look's] Constitutionally guaranteed due process . . . ." The motion to amend was granted. In an amended petition for redetermination, Nu-Look not only disputed the propriety of the determination that Stark was an employee, but also sought relief from that determination under Section 530 of the Revenue Act of 1978.

The parties filed a stipulation of facts in the Tax Court. The stipulation established that Nu-Look, a subchapter "S" corporation since 1987, "operated as a residential home improvement company, providing carpentry, siding installation and general residential home improvement and construction services to the public." During calendar years 1996, 1997 and 1998, Stark was not only Nu-Look's sole shareholder and president, but he also managed the company. He solicited business, performed necessary bookkeeping, otherwise handled finances, hired and supervised workers. Rather than pay Stark a salary or wages, Nu-Look distributed its net income during 1996, 1997 and 1998 to him "as Mr. Stark's needs arose . . . ." Nu-Look reported on its Form 1120S tax returns in 1996, 1997 and 1998, a net income of $10,866.14, $14,216.37, and $7,103.60, respectively. Stark, in turn, reported the very same amounts as non-passive income on Schedule E of his 1996, 1997 and 1998 Form 1040 tax returns.

In a decision dated February 26, 2003, the Tax Court found that Stark performed more than minor services for Nu-Look and that he had received remuneration for those services. As a result, the court held that Stark was an employee of Nu-Look and that Nu-Look was not entitled to relief under Section 530. Nu-look filed this timely appeal.

## II.

Section 7482(a)(1) of the Internal Revenue Code provides this court with "exclusive jurisdiction to review the

4

decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . ." 26 U.S.C. § 7482(a)(1). Accordingly, "we have plenary review of the Tax Court's findings of law, including its construction and application of the Internal Revenue Code." *PNC Bancorp, Inc. v. Comm'r of Internal Revenue*, 212 F.3d 822, 827 (3d Cir. 2000).

## III.

Nu-Look contends that the Tax Court erred in determining that Stark was an employee under the FICA and the FUTA. We begin by looking to the statutory language. "Where the statutory language is plain and unambiguous, further inquiry is not required . . . ." *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998); *see also United States v. Gollapudi*, 130 F.3d 66, 70 (3d Cir. 1997).

Both the FICA and the FUTA impose taxes on employers based on the wages paid to individuals in their employ. 26 U.S.C. §§ 3111, 3301. "Wages," as defined by both Acts, includes, with certain exceptions not applicable here, "all remuneration for employment . . . ." 26 U.S.C. §§ 3121(a), 3306(b). Employment is "any service of whatever nature, performed . . . by an employee for the person employing him . . . ." 26 U.S.C. §§ 3121(b), 3306(c). Employee is defined by the FICA as:

(1) any officer of a corporation; or

(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee[.]

26 U.S.C. § 3121(d). Under the FUTA, the term employee, with certain exceptions not relevant here, has the same meaning as § 3121(d) of the FICA. 26 U.S.C. § 3306(i). The general rule that an officer of a corporation is an employee of that corporation is restated in Treasury Regulation § 31.3121(d)-1(b). That regulation further specifies that there is an exception for an "officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive,

directly or indirectly, any remuneration[.]" Treas. Reg. § 31.3121(d)-1(b). The regulations promulgated pursuant to the FUTA are identical. Treas. Reg. § 31.3306(i)-1(e).

Mindful of these statutory provisions and Stark's status as a corporate officer, the Tax Court appropriately focused on the nature of the services Stark rendered and whether the distributions Nu-Look paid were remuneration for those services. It found that Stark performed more than minor services and that the distributions Stark received were, in fact, remuneration for his services. Those findings led the Tax Court to conclude that Stark was an employee for purposes of the FICA and the FUTA.

We agree. The record establishes that Stark was a corporate officer and that he single-handedly managed Nu-Look's entire operation. The services that Stark rendered for Nu-Look were, therefore, substantial and the Tax Court appropriately concluded that Stark was an employee under § 3121(d)(1). *See Spicer Accounting, Inc. v. United States*, 918 F.2d 90, 93 (9th Cir. 1990) (services provided by corporation's officer, who was the only certified public accountant performing services for the business, were substantial and dividends paid to him constituted remuneration); *Joseph Radtke, S.C. v. United States*, 895 F.2d 1196, 1197 (7th Cir. 1990) (concluding that dividends which were paid to lawyer, who was sole shareholder of subchapter S corporation and its only provider of legal services, were remuneration for services rendered and subject to the FICA and the FUTA).

Nu-Look argues, however, that Stark was not an employee under the usual common law rules applicable in determining employer-employee relationships and therefore was not an employee under § 3121(d)(2). Nu-Look contends that, under § 3121(d)(2), it must exercise specific control over Stark for him to be classified as an employee and that such control was not demonstrated because Stark himself managed Nu-Look's business affairs. This argument is without merit because it completely ignores the plain language of § 3121(d) and would render subparagraph (1) superfluous. Section 3121(d) defines employee by using the disjunctive "or" between subparagraphs (1) and (2). Thus, an individual may qualify as an employee under either set

of circumstances. Here, because Stark was a corporate officer, he came within § 3121(d)(1) and the Tax Court was not required to consider whether he was an employee under the common law rules made applicable under § 3121(d)(2).

As support for its position that the common law rules for determining the existence of an employer-employee relationship govern the determination of whether Stark is an employee for federal employment tax purposes, Nu-Look relies on *Texas Carbonate Co. v. Phinney*, 307 F.2d 289, 291-92 (5th Cir. 1962). There, the Fifth Circuit considered whether Luther Miller, a corporate director, officer and shareholder of Texas Carbonate, was an employee for purposes of the FICA and the FUTA. The Court recognized that FICA's statutory definition of "employee" included corporate officers, but declared that the provision applied to "[o]nly such officers as work for it in fact" and that "in determining whether an officer is an employee within the meaning of the statutes the usual employer-employee tests are to be applied." 307 F.2d at 291-92. The Court's analysis focused on whether Miller's services, in the absence of any control by the corporation, were substantial. It pointed out that Miller did not perform services for any other entity, was in charge of sales and marketing, and managed some of the company's affairs. These services, the Fifth Circuit concluded, were sufficient to establish that Miller was in fact an employee, thereby warranting the determination that the corporation was liable for federal employment taxes. *Id.* at 292-93.

Nu-Look's reliance on *Texas Carbonate* is puzzling. The analysis employed by the Fifth Circuit was substantively the same as the rule set forth in Treasury Regulations § 31.3121(d)-1(b) and § 31.3306(i)-1(e). Regardless, then, of whether the Tax Court applied the plain language of the statutory provisions or the *Texas Carbonate* test, Stark was an employee because of his status as a corporate officer who performed more than minor services. The Tax Court did not err in concluding that Stark was Nu-look's employee under § 3121(d)(1).

## IV.

Section 530 of the Revenue Act of 1978 provides a safe harbor for certain taxpayers who owe FICA and FUTA taxes

as a result of wrongfully failing to classify certain individuals as employees. *303 West 42nd St. Enter., Inc. v. I.R.S.*, 181 F.3d 272, 276 (2d Cir. 1999); Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. 2763 (as amended by Act of Dec. 29, 1979, Pub. L. No. 96-167, 93 Stat. 1275; Act of Dec. 17, 1980, Pub. L. No. 96-541, 94 Stat. 3204; Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324; Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085; Small Business Job Protection Act of 1996, Pub. L. No. 104-188, 110 Stat. 1755 (hereinafter cited as "Section 530"); *see also Springfield v. United States*, 88 F.3d 750, 751 n.2 (9th Cir. 1996) (discussing Section 530's legislative history). This uncodified section allows the taxpayer to avoid liability for certain federal employment taxes if the taxpayer had a "reasonable basis for not treating such individual as an employee." Section 530(a)(2); *303 West 42nd St. Enter., Inc.*, 181 F.3d at 274. A "reasonable basis" under this section of the Act may be established if the "taxpayer's treatment of such individual . . . was in reasonable reliance" upon

> (A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;

> (B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holdings positions substantially similar to the position held by this individual; or

> (C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

Section 530(a)(2).

Here, Nu-Look asserts that the Tax Court erred in determining that it was not entitled to relief under this safe harbor provision. Citing *Texas Carbonate* as judicial precedent, 307 F.2d at 291-93, Nu-Look contends that it had a reasonable basis for not treating Stark as an employee.

This contention lacks merit. A reasonable reading of *Texas Carbonate* would not have provided Nu-look with a basis to treat Stark as anything other than an employee. We find the Ninth Circuit's decision in *Spicer Accounting* instructive. 918 F.2d at 94-95. That Court rejected a taxpayer's argument that it was entitled to Section 530's safe harbor, explaining that Spicer, who was the corporation's sole shareholder and only certified public accountant providing services, was the "central worker for the taxpayer." It declared that a "corporation's sole full-time worker must be treated as an employee." 918 F.2d at 95.

## V.

Nu-Look also argues that the IRS had committed a due process violation by failing to provide notice of Section 530's provisions.[1] The Tax Court rejected this argument, explaining that relief under the due process clause required some showing of prejudice. Such prejudice was absent, the Tax Court concluded, inasmuch as Nu-Look had been granted leave to amend its petition for redetermination so that it could seek relief under Section 530.

It is well settled that an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Both of these requirements were met. The Notice of Determination specifically apprised Nu-Look that Stark had been classified as an employee and that relief under the safe harbor provision of Section 530 was not warranted. In addition, the Notice advised Nu-Look of the means by which

---

1. Section 530(e)(1) provides that the Internal Revenue Service "shall, before or at the commencement of any audit inquiry relating to the employment status of one or more individuals who perform services for the taxpayer, provide the taxpayer with a written notice of the provisions of this section." Small Business Job Protection Act of 1996, Pub. L. No. 104-188, sec. 1122(a), 110 Stat. 1755, 1766 (1996).

it could challenge that determination. Accordingly, Nu-Look is not entitled to relief under the due process clause.

## VI.

In sum, we conclude that Stark was properly classified by the IRS as an employee of Nu-Look and that Nu-Look lacked a reasonable basis for failing to treat Stark as an employee. We will affirm the decision of the Tax Court that Nu-Look is liable for certain employment taxes under the FICA and the FUTA for calendar years 1996, 1997 and 1998.

A True Copy:
　　　Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*