**VETERINARY SURGICAL CONSULTANTS, P.C.,**
**Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 03–2733.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 16, 2004.

Decided March 10, 2004.

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Taxpayer Veterinary Surgical Consultants, P.C. (VSC) appeals from the order of the Tax Court, holding that Kenneth Sadanaga, D.V.M. (Dr. Sadanaga) was an "employee" of VSC for federal tax purposes during the years 1997 and 1998, and that VSC was not entitled to relief from its employment tax liability under Section 530 of the Revenue Act of 1978. The facts are well known to the parties and need not be repeated here.

On appeal, VSC also argues that the Internal Revenue Service failed to provide

it with written notice of Section 530, violating its due process rights. The Commissioner raised the issue of collateral estoppel by virtue of a prior ruling against VSC involving the same issue of the "employee" status of Sadanaga, and also responded to the merits issue. VSC did not file a reply brief. We asked for supplemental briefing on the merits issue following our decision in *Nu–Look Design, Inc. v. Comm'r,* 356 F.3d 290 (3d Cir.2004). The Commissioner agreed that *Nu–Look* was controlling, but urged again that VSC's appeal was collaterally estopped. VSC did not contest *Nu–Look's* applicability to the instant case, but rather urged that *Nu–Look* was wrongly decided.

We conclude that we need not reach the merits issue as collateral estoppel does apply here. Principles of collateral estoppel apply in federal income tax cases, just as they apply in other types of cases. *United States v. Int'l Bldg. Co.,* 345 U.S. 502, 505, 73 S.Ct. 807, 97 L.Ed. 1182 (1953). Collateral estoppel is relevant "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Comm'r v. Sunnen,* 333 U.S. 591, 599, 68 S.Ct. 715, 92 L.Ed. 898 (1948). "If the facts adjudicated in an earlier case relating to one tax year are identical to the facts of a subsequent suit dealing with a different tax year, the prior judgment is conclusive on the same legal issues." *Sydnes v. Comm'r,* 647 F.2d 813, 814–15 (8th Cir.1981).

The Commissioner argues that the earlier judgment of the Tax Court in *Veterinary Surgical Consultants v. Comm'r (VSC I),* 117 T.C. 141, 2001 WL 1242120 (2001), *aff'd without published opinion, sub nom Yeagle Drywall Co. v. Comm'r,*

54 Fed.Appx. 100 (3d Cir.2002), forecloses the instant challenge. There, the Tax Court held, and we agreed, that Dr. Sadanaga was an "employee" of VSC for employment tax purposes for the years 1994, 1995 and 1996, and that VSC was not entitled to relief under Section 530. These are the same legal issues requiring determination here, albeit for the years 1997 and 1998. The facts here are identical to those in *VSC I.* And, there has been no change in the applicable legal rules in the period between *VSC I* and the instant case. Inasmuch as the prior ruling determined that Dr. Sadanaga was an "employee" for federal tax purposes and that VSC was not entitled to relief under Section 530, VSC is collaterally estopped from contesting those findings here.[1]

Accordingly, we will affirm.

---

1. We note that even if VSC were not collaterally estopped from raising these issues, our

ruling in *Nu–Look* would compel a result in favor of the Commissioner on the merits.