**SPECIALTY TRANSPORT & DELIVERY SERVICES, INC. Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 03–2732.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 15, 2004.

Decided March 12, 2004.

Joseph O'Donnell, Philadelphia, PA, for Appellant.

Regina S. Moriarty, Richard Farber, United States Department of Justice, Tax Division, Washington, DC, for Appellee.

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

This appeal from a decision of the United States Tax Court that decided that John Ludlow, an officer and sole shareholder of the taxpayer, Specialty Transport & Delivery Services, Inc. ("Specialty Transport"), was an employee and that the taxpayer was therefore liable for taxes under the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. §§ 3101–3128, and the Federal Unemployment Tax Act ("FUTA"), 26 U.S.C. §§ 3301–3311. We affirm for the rationale and holding set forth in *Nu–Look Design, Inc. v. Comm'r of Internal Revenue*, 356 F.3d 290 (3d Cir.2004).

### I.

Because counsel for the Appellant represented also the Appellants in *Nu–Look* as well the appeals resulting in non-precedential opinions in *Yeagle Drywall Co., Inc. v. Commissioner of Internal Revenue*, 54 Fed.Appx. 100 (3d Cir.2002), and *Veterinary Surgical Consultants v. Commissioner of Internal Revenue*, 90 Fed.Appx. 669 (3d Cir.2004), and because we write only for the parties, our discussion will be truncated. We have to decide whether John F. Ludlow was an employee of the petitioner for federal employment tax purposes during 1996 through 1998 and, if so, whether petitioner is entitled to relief un-

der Section 530 of the Revenue Act of 1978, as amended.

Ludlow had been in the business of providing hauling services since 1973. He subsequently decided to incorporate his business as Specialty Transport and Delivery Services, Inc. on March 9, 1989, and since that time it has been operated as an S corporation.

Since its organization, Specialty Transport has provided pick up and delivery services to distributors, wholesalers and manufacturers of steel, steel coil and steel related products. This activity was and is the taxpayer's only business. It is also the only source of income to Ludlow. Ludlow was elected President, Vice President, Secretary and Treasurer of taxpayer. He is also its sole director. During 1996 to 1998, Ludlow ordered and purchased supplies, entered into verbal and/or written agreements, oversaw the finances, collected monies owed, managed the company, maintained customer satisfaction, performed all bookkeeping services—with assistance from his spouse, Sharon Ludlow from time to time—and performed all pick up and delivery services for customers on behalf of taxpayer. No other person provided any services whatsoever to the taxpayer.

During the period in issue, taxpayer received customer referrals from Pyle Transport Services, Inc.

## II.

The taxpayer received a notice from the Internal Revenue Service—"Notice of Determination concerning worker classification under § 7436"—advising that the IRS had determined that Ludlow was to be classified as an employee for purposes of employment taxes for the relevant years. It also advised that taxpayer was not "entitled to relief from this classification pursuant to Section 530 of the Revenue Act of 1978."

Taxpayer filed a timely petition for redetermination with the United States Tax Court.

The taxpayer did not make regular payments to Ludlow for his services. It claimed no deductions either for compensation of officers or for salaries or wages in 1996 or 1997. For 1998, its return reflects a deduction of $15,000.00 for compensation of an officer. Schedule K–1, Shareholder's Share of Income, Credits, Deductions, etc., attached to returns shows $15,605.36 for 1996, $27,362.14 for 1997 and $38,486.89 for 1998 as a pro rata share of, and as a property distribution other than a dividend to, Ludlow. During this period taxpayer did not issue any Forms W–2, Wage and Tax Statement to Ludlow. It did not issue any Forms 1099 to Ludlow in 1996 or 1997; it did in 1998 for "nonemployee compensation" and for "rents" of $7,200.00 for use of Ludlow's residence as a business office for taxpayer. Ludlow and his wife filed a joint form 1040 reporting as ordinary income from "rental real estate, royalties, partnerships, S corporations, trusts, etc." in the amounts of $15,605.36, $27,362.14 and $45,686.89 for 1996, 1997 and 1998, respectively.

Based on these facts the Tax Court determined that the IRS had not erred in classifying Ludlow as an employee under the FICA and FUTA. It found that the payments received by him were enumeration for substantial services performed on behalf of the taxpayer. The court also concluded that the taxpayer could not obtain relief from the taxes due under the safe harbor established by Section 530 of the Revenue Act of 1978.

## III.

We have "exclusive jurisdiction," 26 U.S.C. § 7482(a), "to review the decisions of the tax court ... in the same manner

and to the same extent as decisions of the district courts in civil actions tried without a jury[.]" 26 USC § 7482(a)(1). Our review is plenary over findings determinations of law including a construction and application of the Internal Revenue Code. *PNC Bancorp, Inc. v. Comm'r of Internal Revenue*, 212 F.3d 822, 827 (3d Cir.2000).

## IV.

FICA and FUTA impose taxes on employers based on the wages paid to individuals in their employ. 26 U.S.C. §§ 3111, 3301. "Wages" is defined broadly by both Acts, with certain exceptions not applicable here, as "all remuneration for employment[.]" *Id.* §§ 3121(a), 3306(b). Employment is defined as "any service of whatever nature, performed ... by an employee for the person employing him[.]" *Id.* §§ 3121(b) and 3306(c). FICA also defines "employee" in pertinent part as "1) any officer of a corporation; or 2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee[.]" *Id.* § 3121(d). Treasury Regulation §§ 31.2–1(d)–1(b) restates the general rule that an officer of a corporation is an employee of the corporation and specifies that there is an exception for an "officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration[.]" 26 C.F.R. §§ 31.3121(d)–1(b).

The Tax Court determined that Ludlow performed substantial services for the taxpayer and that the distributions of income received were remuneration for the services rendered. Accordingly, it held that the taxpayer was liable for future federal employment taxes under the FICA and FUTA.

## V.

We are in complete agreement with the Tax Court. Ludlow's services were not minor. He performed all tasks for the taxpayer. These services were substantial because he was the only employee. Accordingly, the Tax Court did not err in concluding that the distribution of income paid by the taxpayer were remunerations for services rendered, thereby constituting wages under both FICA and the FUTA. *See Nu-Look Design, Inc.*, 356 F.3d at 294.

Taxpayer relies on the teachings of *Texas Carbonate Co. v. Phinney*, 307 F.2d 289 (5th Cir.1962). Suffice it to say, in *Nu-Look Design, Inc.*, we addressed the identical argument and rejected it, concluding "Nu-Look's reliance on *Texas Carbonate* is puzzling." 356 F.3d at 294.

## IV.

Section 530 of the Revenue Act of 1978 is a safe harbor for taxpayers who owe FICA and FUTA taxes as the result of wrongfully failing to classify certain individuals as employees. This uncodified section relieves the taxpayer of certain federal employment tax liabilities arising from a failure to treat an individual as an employee if the taxpayer had a "reasonable basis for not treating such an individual as an employee." Section 530(a)(2). Appellant argues that it I entitled to relief under this section. In *Nu-Look Design, Inc.*, we rejected this argument as well. 356 F.3d at 294.

Taxpayer's main contention is that it reasonably relied on the usual common law rules for determining an employer-employee relationship and not classifying Ludlow as an employee. We were not persuaded by this argument also in *Nu-Look Design, Inc.*, 356 F.3d at 293–294.

## VI.

Taxpayer alleges a due process violation because the IRS failed to give written notice of Section 530 at the commencement of the audit inquiry. The Tax Court rejected this argument, explaining that relief under the due process clause required some showing of prejudice. We repeat what we said in *Nu–Look Design, Inc.*, that because the record is devoid of evidence of any actual prejudice, it may not prevail. 356 F.3d at 295.

We will affirm the decision of the Tax Court.