

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# N Emerson W v. Alexander Spencer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"N Emerson W v. Alexander Spencer" (2009). *2009 Decisions.* Paper 1671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-123                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4030
_____

NORTH EMERSON WEST; D. R. HUBBARD;
SALIH MUHAMMAD AL-SHABAZZ; HASSAN UMAR SHARIF

v.

ALEXANDER SPENCER; BRYAN ALLABAND; L. MCKINNEY;
ROBERT M. SHELL; DONALD C. FOX; THOMAS E. ADAMS;
WALTER REDMAN; MARK REDMAN; GEORGE M. PIPPIN;
CHARLES R. TUCKER; SAMUEL WHEELER; THOMAS DONOHUE;
JAMES A. WILLIAMS; FREDERICK N. VAN SANT; JAMES VAUGHN;
ROBERT D. BROOKS; NORMAN YANKOWITT; DANIEL PIERCE,

*ROLLIN LEE LAUB,
                    *Appellant (pursuant to F.R.A.P. 12(a))
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 78-cv-00014)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed:  March 26, 2009)
_____

OPINION
_____

PER CURIAM

Rollin Laub, an inmate at the James T. Vaughn Correctional Center ("JVCC"), formerly the Delaware Correctional Center ("DCC"), appeals from the District Court's August 28, 2008 order denying his motion seeking relief under Federal Rule of Civil Procedure 60(b)(4). Laub alleged that the District Court failed to properly notify him of its March 16, 2006 order terminating a 1978 consent decree, and that the District Court improperly terminated the decree. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

The genesis of the instant action is a lawsuit filed in 1978 by North Emerson West, an inmate at the DCC. That suit, certified a class action, concerned prison conditions and disciplinary procedures at the center. Attorney Douglas A. Shachtman represented the inmates. In 1982, the parties agreed to a consent order that required the DCC to adopt a new disciplinary code entitled the "Correction Code of Penal Discipline." In 1990, two class member inmates, Salih Muhammad Al-Shabazz and Hassan Umar Sharif, filed a motion to vacate the consent order. The defendants responded with a motion to modify the consent order because of a change in circumstances. Shachtman filed a motion to withdraw as counsel, which the District Court granted. The court denied both parties' motions for relief from judgment.

2

In 2006, the defendants filed a motion for relief from the consent order pursuant to 18 U.S.C. § 3626(b).[1] The defendants served the motion on Shachtman and class members Al-Shabazz and Sharif at the addresses listed on the court docket. Shachtman did not reply and the mail to Shabazz and Sharif was returned as undeliverable. The District Court granted the motion and terminated the consent order.

Laub, the current appellant, was an inmate at the DCC at the time of the class action, and is still incarcerated there. He was not named in the original 1978 complaint. Laub filed the instant motion on March 19, 2008, pursuant to Fed. R. Civ. P. 60(b)(4), alleging that (1) the District Court had violated his due process rights by not notifying him of the consent order's termination and (2) the District Court improperly terminated the consent order. He also filed a motion for a preliminary injunction halting the termination of the consent order and a motion for summary judgment. On August 28, 2008, the District Court denied Laub's Rule 60(b)(4) motion and denied the others as moot. This timely appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review it for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v.

---

[1] In 1996, the Prison Litigation Reform Act ("PLRA") became effective. See 18 U.S.C. § 3626. Sections 3626(a) and (b) establish standards that must be followed when entering and terminating prospective relief in civil actions challenging conditions at prison facilities.

<u>Williams</u>, 490 U.S. 319, 325 (1989). Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

The District Court correctly denied Laub's Rule 60(b)(4) motion, which provides relief from a judgment if "the judgment is void." A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers</u>, 900 F.2d 608, 612 n.1 (3d Cir. 1990). "It is well settled that an 'elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" <u>Nu-Look Design, Inc. v. C.I.R.</u>, 356 F.3d 290, 295 (3d Cir. 2004) (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)).

The District Court did not lack subject matter jurisdiction over the consent order. The Court also did not act in a manner inconsistent with the due process of law since it notified all known parties and reopened the case when Laub filed his Rule 60(b)(4) motion. The record indicates that the defendants made a reasonable effort to contact all the known parties of the lawsuit, including the former attorney who represented the class. The mail to Al-Shabazz and Sharif was returned as undeliverable, and Shachtman notified the Court that he was no longer involved in the proceedings. There was no reasonable

4

way of knowing that Laub was a party to this suit. His name did not appear in any of the legal documents or court records. However, even if notice was inadequate, Laub was not prejudiced because the District Court reopened the case and set a briefing schedule after he filed his Rule 60(b)(4) motion. See Blaney v. West, 209 F.3d 1027, 1031 (7th Cir. 2000) ("[W]hen a plaintiff has an opportunity to request reconsideration, the plaintiff is not prejudiced by the district court's failure to provide advance notice of its intention to dismiss for defective service.") (citing Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987); Whale v. United States, 792 F.2d 951, 952-53 (9th Cir. 1986)). As a result, Laub was not prejudiced by the District Court's failure to notify him personally of the consent order's termination.

Laub has not demonstrated that the District Court's judgment is void under Rule 60(b)(4). As a result, we determine that Laub's appeal is lacking in arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).