OPINION OF THE COURT
PER CURIAM.
Joanne Scheafnocker appeals the District Court’s order dismissing her complaint, on a finding that her wrongful levy claim is time-barred. She raises procedural due process issues because she did not receive any notice that the IRS had levied funds she held jointly with her ex-husband. We conclude that Scheafnocker has sufficiently pleaded a constitutional claim with a distinct basis for jurisdiction. Therefore, we will vacate the District Court’s order, and remand the cause for it to consider the merits of her due process claim.
I.
The merits of Scheafnocker’s wrongful levy claim are undeveloped because the time-bar issue has been the focus of review in every instance. Therefore, we briefly recite background information provided in *431 the complaint, along with the procedural history of the case.[1]
Appellant Joanne Scheafnocker and her ex-husband Fred Scheafnocker divorced in 1983. Joanne Scheafnocker filed a child support case in Texas state court, where Fred Scheafnocker lives. In 1988, Joanne placed a jointly issued check, the proceeds from the sale of their marital home, in a certificate of deposit from Equibank in North Huntingdon, Pennsylvania. The certificate of deposit, issued in her name and that of her ex-husband, was to be left untouched pending settlement of the child support case.[2] From the record, it is apparent that she later moved to California.
The record also states that on October 7, 2002, the Internal Revenue Service assessed trust fund recovery penalties against Fred Scheafnocker and sent him a Notice to Levy for his failure to turn over taxes that he withheld from employees of his business in Texas. The government levied the funds jointly held by Fred and Joanne Scheafnocker in the North Huntingdon bank on May 30, 2003. Approximately fourteen months later, in July 2004, Joanne Scheafnocker attempted to make a deposit into the account to “keep the account active,” discovering then that the funds were gone and that the account was closed. She learned of the levy at this time.[3] The government admits that it never sent Joanne Scheafnocker any notice of the levy.
Joanne Scheafnocker filed pro se an IRS Form 911 for taxpayer assistance in August 2004. The Taxpayer Advocate denied the claim as time-barred on January 3, 2005. On or about March 29, 2005, Scheafnocker filed pro se a “Petition for Lien or Levy Action” with the Tax Court, which dismissed her claim on May 31, 2005 for lack of jurisdiction. In that petition, she stated that the government failed to provide her with any notice of the levy. Scheafnocker then filed pro se, on October 4, 2005, a complaint in the District Court for the Eastern District of California, where she resides. In the pro se civil cover sheet, she describes her claim as a “violation of due process rights under Fifth and Fourteenth Amendment [sic].” She alleges “[p]laintiff, as co-owner, was never notified either by IRS or bank, denying any opportunity to make timely objection.” In her prayer for relief, she states the following.
1. That this Court provide opportunity for Plaintiff to show all evidence and proof; 2. That judgment be entered in favor of Plaintiff and against Defendant; 3. That entire amount of CD at time of seizure, plus bank interest from that day to the present, be returned to Plaintiff; 4. That additional interest accrue for non-payment over 30 days from judgment; 5. That Plaintiff be awarded reimbursement for all related legal costs such as filing, and other further relief as *432 this jury and court deem just and proper.
Complaint 3, ECF No. 1.
The government filed a motion to dismiss asserting inter alia that the District Court lacked jurisdiction because the suit (interpreted as a wrongful levy claim brought under 26 U.S.C. § 7426) was time-barred, and because the government had sovereign immunity from her claims. Upon the recommendation of the Magistrate Judge, the District Court ruled that Scheafnocker’s wrongful levy claim could be regarded as a tax refund claim and, as such, deemed timely filed.[4] The District Court then ordered the government to file an answer to Scheafnocker’s suit. However, shortly after the government filed an answer, the Supreme Court held in an unrelated case that wrongful levy claims cannot be construed as refund claims. See EC Term, of Years Trust v. United States, 550 U.S. 429, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007). As a result, the District Court vacated its order.
The government then filed a motion for judgment on the pleadings, reiterating its general jurisdictional arguments and asserting that the Eastern District of California was not the proper venue for this suit. On February 4, 2008, the Magistrate Judge issued findings and a recommendation to deny the motion on the basis that, under precedent from the Court of Appeals for the Ninth Circuit, wrongful levy claims are subject to equitable tolling. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-1207 (9th Cir.1995). However, on February 19, 2008, the Magistrate Judge vacated this order stating the following.
[T]he court stands by its findings in the February 4, 2008, findings and recommendations, but vacates them insofar as they recommend further adjudication on its merits. The merits of this action shall be adjudicated in the appropriate district court pursuant to 28 U.S.C. § 1402(c). This action is transferred to the United States District Court for the Western District of Pennsylvania.
Order 5, ECF No. 52.[5]
Upon transfer of the case to the District Court for the Western District of Pennsylvania, the government filed a motion to dismiss for lack of jurisdiction, arguing that the claim was time-barred. The District Court granted the government’s motion, ruling that equitable tolling of a wrongful levy claim is not permitted. See Becton Dickinson and Co. v. Wolckenhauer, 215 F.3d 340 (3d Cir.2000).
II.
Scheafnocker does not challenge our opinion in Becton, which prohibits equitable tolling of wrongful levy claims brought under section 7426. See id. Instead, based upon the law of the case doctrine, she argues that the District Court erred by failing to apply Supermail, which permits equitable tolling. Scheafnocker also raises a due process claim arising from a lack of notice. The law of the case argument is unavailing, but we do find that Scheafnocker has sufficiently pleaded a due process claim for which the District Court has jurisdiction.
*433 A.
“The ‘law of the case ... doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.’ ” Feesers, Inc. v. Michael Foods, Inc., 591 F.3d 191, 207 (3d Cir.2010) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). We have a long history of adherence to the law of the case doctrine as a means of promoting not only finality, consistency and judicial economy, but also comity with other courts. See, e.g., Gulf Research & Development Co. v. Leahy, 193 F.2d 302, 304 (3d Cir.1951). The Supreme Court has also directed that although “[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance ... as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was ‘clearly erroneous and would work a manifest injustice.’ ” Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting Arizona v. California, 460 U.S. at 618 n. 8, 103 S.Ct. 1382).
When a magistrate judge has been directed by a district court to conduct hearings and issue a report and recommendation, such findings do not carry the force of law until accepted by the district court. Continental Cas. Co. v. Dominick D’Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). Here, the Magistrate Judge issued the findings and recommendation on February 4, 2004. Fifteen days later, before the District Court ruled on it, the Magistrate Judge vacated the findings and recommendation and transferred the case.[6] This makes it clear to us that there is nothing to which the District Court for the Western District of Pennsylvania owed any deference. The Magistrate Judge’s order does contain some confusing language, to wit: “the court stands by its findings in the February 4, 2008, findings and recommendations.” Order 5, ECF No. 52. These words, however, do not transform the Magistrate Judge’s unreviewed and ultimately vacated recommendation into the law of the case.[7] Accordingly, with respect to Scheafnocker’s wrongful levy claims, we find no error in the District Court’s reliance upon Becton rather than Supermail on the issue of whether equitable tolling is available in wrongful levy claims brought under section 7426.[8]
*434 B.
Scheafnocker’s pro se complaint, however, also articulates a procedural due process claim that is distinct from her wrongful levy claim. It is axiomatic that an “ ‘elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ ” Nu-Look Design, Inc. v. C.I.R., 356 F.3d 290, 295 (3d Cir.2004) (quoting Mullame v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); see also Dee v. Borough ofDunmore, 549 F.3d 225, 232 (3d Cir.2008). Scheafnocker contends, and the government admits, that the Internal Revenue Service did not give her any notice of the levy or her right to challenge it. She asserts that the government’s failure to provide notice denied her of any opportunity to have the merits of her wrongful levy claim reviewed. Because her cause was denied by the Tax Advocate and was dismissed by the District Court as untimely, depriving her a review of the merits of her claim, her assertion of constitutional harm has substance. We, therefore, must ascertain whether the District Court has jurisdiction to review her due process claim.[9]
The government argues that the District Court lacks jurisdiction because Scheafnocker’s suit, however characterized, is barred by sovereign immunity. We apply the rule that the federal government is generally immune from suit, except where Congress has expressly articulated an exception to the immunity. Becton, 215 F.3d at 345; Matsko v. United States, 372 F.3d 556, 558 (3d Cir.2004). However, Scheafnocker seeks two different remedies for the alleged constitutional due process violation: she requests money damages, or in the alternate, an opportunity to present the merits of her wrongful levy claim. As we will explain below, Scheafnocker’s due process claim for money damages is barred by sovereign immunity. However, we conclude that, to the extent that she seeks a purely procedural remedy, the District Court does have jurisdiction to consider her claim.
Jurisdiction for constitutional claims seeking money damages against the United States is grounded in the Tucker Act. 28 U.S.C. § 1491(a). The Act authorizes the Court of Claims to “render judgment upon any claim against the United States founded ... upon the Constitution.” Id.; see also United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); Chabal v. Reagan, 822 F.2d 349, 353 (3d Cir.1987). Moreover, the District Court is authorized to hear Tucker Act claims that do not exceed $10,000. 28 U.S.C. § 1346(a)(2); Chabal, 822 F.2d at 353. However, the Tucker Act is only a jurisdictional statute and does not independently create any substantive rights enforceable against the United States for money damages. Testan, 424 U.S. at 398, 96 S.Ct. 948; DiLuigi v. Kafkalas, 584 F.2d 22, 23 n. 2 (3d Cir.1978). This is problematic for Scheafnocker’s claim for money damages.
“[I]t is well settled that there is no Tucker Act jurisdiction over a claim founded solely on a fifth amendment procedural due process claim, because ‘[t]he Due Process Clause simply cannot be read to mandate money damages be paid.’ ” *435 Radin v. United States, 699 F.2d 681, 685 n. 8 (4th Cir.1988) (quoting Alabama Hospital Association v. United States, 656 F.2d 606, 609 (Ct.Cl.1981)). Therefore, even if we were to dismiss this cause without prejudice so that it might be filed in the Court of Claims, or authorize the plaintiff to waive damages in excess of $10,000 to enable the District Court to hear the claim, Scheafnocker does not have a basis to claim a substantive right to money damages. As a result, we conclude that the District Court does not have jurisdiction to consider Scheafnocker’s constitutional due process claim, to the extent she seeks monetary relief.
Scheafnocker, however, also requests a purely procedural remedy. In her prayer for relief she states the following: “that this Court provide opportunity for Plaintiff to show all evidence and proof.” Complaint 3, ECF No. 1. She seeks an opportunity to present her challenge to the levy so that it can be judged on its merits, a review that she asserts was foreclosed because the lack of notice prevented her from filing the claim earlier.
As noted earlier, the United States government has sovereign immunity from suits against it except where Congress has expressly articulated an exception. Becton, 215 F.3d at 345. Certainly, district courts have original jurisdiction over “all civil actions arising under the Constitution, laws, or treaties of the United States.” 28 U.S.C. § 1331. Although this broad grant of authority encompasses causes such as Scheafnocker’s, the paramount issue in this case is whether it can be said that Congress has expressly waived sovereign immunity for the type of claim raised here. We conclude that it has.
In 1976, Congress amended 28 U.S.C. § 1331, eliminating the $10,000 jurisdictional amount in cases where the suit is filed against “the United States, any agency thereof, or any officer or employee thereof in his official capacity.” 28 U.S.C. 1331 Historical and Statutory Notes; see also Pub.L. No. 94-574. Simultaneously, Congress amended 5 U.S.C. § 702 (the Administrative Procedures Act) to its current form, which states the following.
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.
5 U.S.C. § 702.
The amendment to section 702 was described as “removing] three technical barriers to the consideration on the merits of citizens’ complaints against the Federal Government, its agencies or employees.” H.R.Rep. No. 94-1656, 1976 U.S.C.C.A.N. 6121, 6123 (1976). One “technical barrier” addressed in the amendment was “removing] the defense of sovereign immunity as a bar to judicial review of federal administrative action otherwise subject to judicial review.” 5 U.S.C.A. § 702, Historical and Statutory Notes. Moreover, in reference to the 1976 amendment to section 1331, the Supreme Court said “[t]he obvious effect of this modification, subject only to preclusion-of-review statutes created or retained by Congress, is to confer jurisdiction on federal courts to review agency action, regardless of whether the APA of its own force may serve as a jurisdictional predicate.” Califano v. Sanders, 430 U.S. 99, 105, 97 S.Ct. 980, 51 *436 L.Ed.2d 192 (1977). Finally, we note that, in 1980, Congress amended section 1331 again, eliminating the $10,000 jurisdictional amount in all federal question claims. Federal Question Jurisdictional Amendments Act of 1980, Pub.L. No. 96-486; see H.R.Rep. No. 96-1461, 1980 U.S.C.C.A.N. 5063 (1980). We read in these amendments an unmistakable, express intent by Congress to create an exception to sovereign immunity precisely in cases in which a person raises a non-monetary claim, such as a constitutional due process claim, against an agency of the federal government.
We are aware that the amendments to Section 1331 and Section 702 “[do] not confer authority to grant relief if any other statute granting consent to suit expressly or impliedly forbids the relief which is sought.” H.R.Rep. No. 94-1656, 1976 U.S.C.C.A.N. 6121, 6122. Typically, suits that challenge the procedures used by the Internal Revenue Service to collect taxes are blocked by the Anti-Injunction Act. The Act prohibits any suit that seeks to “[restrain] the assessment or collection of any tax....” 26 U.S.C. § 7421(a).[10] Yet, in this case, the government levied the bank account in 2003. Joanne Scheafnocker’s suit does nothing to restrain the collection of taxes because the funds in the account were long ago applied to Fred Scheafnocker’s tax debt, making the Anti-Injunction Act bar inapplicable here. Therefore, we conclude that the District Court has jurisdiction to consider Scheafnocker’s due process claim.
Nonetheless, to survive the government’s motion to dismiss, Scheafnocker’s complaint must contain sufficient factual matter, accepted as true, to “ ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — U.S. -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, Scheafnocker must plead sufficient facts to assert a taking of her property by the government without “‘notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ ” Nu-Look Design, Inc., 356 F.3d at 295 (quoting Mullane, 339 U.S. at 314, 70 S.Ct. 652).
Scheafnocker pleads, and the government concedes, that the government levied funds from a bank account jointly held by Scheafnocker and her ex-husband. We find that this sufficiently pleads both a property interest and a “taking” that invokes constitutional due process rights. See Finberg v. Sullivan, 634 F.2d 50, 56 (3d Cir.1980). Scheafnocker also pleads that she was completely unaware of the levy, asserting in her complaint that the government never notified her of the levy, and that she did not discover it until she attempted to make a deposit to the account after the statute of limitations for wrongful levy claims had passed. We conclude that these facts amply plead a claim that the government violated the constitution by failing to provide her notice that was reasonably calculated to apprise her of the levy. For all of these reasons, we hold that her complaint provides enough facts to ground a plausible due process claim.
*437 The remaining question is whether we should consider the merits of this matter, or remand the cause to the District Court to address the due process issue in the first instance. We note that there was no motion for summary judgment filed and that there is no indication that the parties have engaged in discovery. Rather, this appeal was brought before us after the District Court’s ruling on a motion to dismiss, or in the alternative, for judgment on the pleadings. Further, the fact — if it is indeed a fact — that bank statements are normally sent to account holders on a monthly basis could be taken to support the conclusion that the Government’s efforts are “reasonably calculated” to afford account holders notice of a levy. See Kaggen v. Internal Revenue Service, 71 F.3d 1018, 1020 (2d Cir.1995); cf. Mullane, 339 U.S. at 315, 70 S.Ct. 652 (“The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.”) (citation omitted).
Thus, we believe the District Court should develop the factual record as to whether there was in this case “notice reasonably calculated” to apprise co-owners of levied assets of the levy. Nu-Look Design, Inc. 356 F.3d at 295 (quoting Mullane, 339 U.S. at 314, 70 S.Ct. 652). In this regard, the record should be developed to show, among other things: (1) whether and, if so, when Scheafnocker ever received notice from the bank (as opposed to the Government, which concedes that it never sent her notice); (2) whether the bank sent notice to Scheafnocker; (3) whether Scheafnocker kept the bank apprised of any changes of address that she may have made; (4) whether it is the bank’s normal practice to send notice to joint owners of an account, either on a monthly basis or when an account has been levied; (5) what the common practices of other banks are in terms of sending notice; and (6) what the IRS’s understanding is of banks’ practices in terms of sending notice to joint owners of accounts. For these reasons, we will vacate the order of the District Court and remand the cause for further proceedings that are consistent with this opinion.

. We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).

. The certificate of deposit bore the following notation: "Our terms — to be held in lieu of Texas court C.S. case resolution. J.S.” The record does not explain why the child support issue has remained unresolved for such a protracted period of time.

. In her complaint, Scheafnocker states that she attempted to make a deposit two years after the levy. The appellate record corrects this time-frame to fourteen months. This error does not materially alter her claim. Her brief also explains that she contacted the bank at that time to make a deposit of $100 on the account, mindful of an earlier notice she had received from the Bank advising her that inactive accounts risk forfeiture to the Commonwealth of Pennsylvania.

. The statute of limitations for a tax refund claim is two years from the time the tax was paid. 26 U.S.C. § 6511(a).

. 28 U.S.C. § 1402(c): "Any civil action against the United States under subsection (e) of section 1346 of this title may be prosecuted only in the judicial district where the property is situated at the time of levy, or if no levy is made, in the judicial district in which the event occurred which gave rise to the cause of action.”

. The Magistrate Judge is empowered to issue the transfer order, which is non-dispositive, without the approval of the District Court. 28 U.S.C. § 636(b)(1)(A).

. We further note that the transfer of the case to the Western District of Pennsylvania was dictated by 28 U.S.C. § 1402(c), which expresses in unqualified terms the intention of Congress to adjudicate wrongful levy suits in the jurisdiction of the situs of the res.

. In Becton, we found that, because the plaintiff was suing the United States, “sovereign immunity is implicated.” Becton, 215 F.3d at 345. Sovereign immunity dictates that a private litigant cannot sue the United States unless the suit fits within a waiver to this immunity that is legislated by Congress. Block v. North Dakota ex. rel. Bd. of University and School Lands, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); see also White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir.2010). We held that, although section 6532 waives sovereign immunity to allow wrongful levy claims against the government, the time limitations expressed therein must be strictly construed. Becton, 215 F.3d at 345. As a result, we held that “the failure to file a timely wrongful levy claim prior to the expiration of the time limitation in section 6532(c) deprives the district court of subject matter jurisdiction.” Id. at 353. Becton, therefore, eliminates the District Court’s jurisdiction over Scheafnocker's suit to the extent that she asserts a wrongful levy claim.

. " '[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.’ ” White-Squire, 592 F.3d at 456 (quoting United States v. Ruiz, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (citation omitted)).

. "Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 633 l(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.” 26 U.S.C. § 7421(a).